Kevin WALKER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 46S03–0101–CR–39.

Supreme Court of Indiana.

May 15, 2001.

Donald W. Pagos, Michigan City, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

During the 20th Century's major constitutional revisions concerning the courts, the people of Indiana conferred new responsibilities on the appellate courts to hear appeals on penalties and "review and revise the sentence imposed." Ind. Const. art VII, § 4. Appellant Kevin Walker seeks relief under this provision from his consecutive forty-year sentences for twice performing oral sex on a child. The Court of Appeals observed that the sentence was

permitted by the Code and denied relief. We grant transfer and revise the sentence.

### Facts and Procedural History

Kevin Walker babysat six-year-old B.W. from September 1996 through November 1996. B.W. attended afternoon kindergarten. Walker watched B.W. in the mornings while B.W.'s parents were at work and his older siblings were in school.

On two separate occasions, B.W. fell asleep and woke up to find Walker with his mouth on B.W.'s penis, which B.W. called his "bird." B.W. described that his pants were down and that Walker "sucked [his] bird." (R. at 338.) He said he could feel Walker's tongue "wiggling." (R. at 339.)

B.W.'s mother became suspicious and questioned B.W. about Walker's behavior.[1] After B.W. disclosed the molestations, his mother made a report to the police and took B.W. to the emergency room for an examination. Although B.W. had no physical injuries, B.W. gave the emergency room nurse the same information about Walker's actions.

Walker was convicted on two counts of child molesting, both class A felonies. The trial court sentenced Walker to enhanced forty-year sentences on each count (with five years suspended on each) and ordered them served consecutively. The Court of Appeals affirmed. *Walker v. State*, 734 N.E.2d 724 (Ind.Ct.App.2000).

### Walker's Claim

Walker urges that his aggregate sentence of eighty years is manifestly unreasonable. The presumptive sentence for a class A felony is thirty years. Ind.Code Ann. § 35-50-2-4 .(West 1998). Twenty years may be added for aggravating circumstances and not more than ten years may be subtracted for mitigating circumstances. *Id.* The trial court found several aggravating circumstances and no mitigating circumstances.

On appeal, Walker argued that his crime constituted a class A felony by virtue of the fact that he was over twenty-one years old, one of several facts that make the crime a class A felony (others include use of a deadly weapon and serious bodily injury). He argued that using age alone to create a class A penalty of eighty years (as opposed, say, to the maximum of forty years for two class B's) was manifestly unreasonable.

The Court of Appeals treated this as an assault on the statutory scheme and affirmed the eighty-year sentence, observing that fixing penalties is a legislative function, not a judicial one. *Id.* (citing *Riffe v. State*, 675 N.E.2d 710, 712 (Ind.Ct.App. 1996), *trans. denied*). This is certainly correct, but not an adequate response to Walker's right to seek sentence review under Article VII, § 4.

### Sentencing Revision

■ The judicial amendments to the Indiana Constitution drafted in the 1960s confer a distinct responsibility on the appellate courts: "the power to review all questions of law and to review and revise the sentence imposed." Ind. Const. art. VII, § 4. As Judge Najam of the Court of Appeals correctly observed, "This authority is found in the text of the Constitution and is independent from our general appellate jurisdiction." *Bluck v. State*, 716 N.E.2d 507, 516 (Ind.Ct.App.1999).

Those who framed these provisions had in mind the sort of sentencing revision conducted by the Court of Criminal Ap-

---

1. B.W.'s mother states that she was suspicious of Walker for three reasons: (1) she believed some items might have been taken from the house, (R. at 389); (2) Walker continued to bathe B.W. even after he was asked to stop, (R. at 389, 463); and (3) the school reported numerous absences of which B.W.'s mother was not aware, (R. at 401, 479).

peals in England. *Cooper v. State*, 540 N.E.2d 1216, 1218 (Ind.1989). The English statute establishing the Court of Criminal Appeals gave the power to review and revise sentences:

On appeal against sentence the Court of Criminal Appeal shall, if they think that a different sentence should have been passed, quash the sentence passed at the trial, and pass such other sentence warranted in law by the verdict (whether more or less severe) in substitution therefor as they think ought to have been passed, and in any other case shall dismiss the appeal.

*Id.* (quoting Criminal Appeal Act, 1907, 7 Edward 7, ch. 23, § 4(3)).

■ Indiana appellate courts have exercised this responsibility over the last three decades with great restraint, recognizing the special expertise of the trial bench in making sentencing decisions. We have indicated by rule that a sentence will be modified only when it is "manifestly unreasonable," Ind. Appellate Rule 17(B), a very tough standard to meet.

■ Still, persons have an appellate right to full consideration of claims. In 1997, we amended Rule 17(B) to remove even tougher language to the effect that a sentence was not manifestly unreasonable unless "no reasonable person" could think so. Judge Najam correctly concluded that this change "invites more meaningful appellate review." *Bluck v. State*, 716 N.E.2d at 515–16. Rule 17(B) currently reads, "The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." This formulation still means that trial court decisions are to be affirmed on the great majority of occasions. When this standard is met, however, the reviewing court should revise the sentence, as the Court of Appeals did in the recent cases of *Biehl v. State*, 738 N.E.2d 337 (Ind.Ct.App.2000), *trans. denied*, and *Mann v. State*, 742 N.E.2d 1025 (Ind.Ct.App.2001), *trans. denied.*

■ Walker was convicted on two counts of child molestation for performing oral sex on a six-year-old boy. Crimes against children are particularly contemptible. *See Singer v. State*, 674 N.E.2d 11 (Ind.Ct.App.1996). The trial court found a number of aggravating circumstances, including committing the crime while on probation and fleeing the jurisdiction. Still, the trial court did not find a history of criminal behavior. Moreover, the two separate counts of child molestation were identical and involved the same child. Additionally, there was no physical injury. Although the absence of physical injury does not bar an enhanced sentence, this is some distance from being the worst offense or the most culpable offender. While the aggravating circumstances warranted an enhanced sentence, Walker's aggregate sentence of eighty years is manifestly unreasonable.

### Conclusion

The Court of Appeals otherwise properly rejected the remaining contentions of error, so we summarily affirm their disposition of those claims. Ind. Appellate Rule 11(B)(3). We therefore affirm the convictions and revise the sentences to run concurrently.

SULLIVAN, BOEHM, and RUCKER, JJ., concur.

DICKSON, J., dissents without separate opinion.