DAVID, J.,
dissenting.
I respectfully disagree with my colleagues, as I would not disturb the ruling of the Court of Appeals. Other than the trial judge mistakenly giving the defendant a concurrent ten year enhancement, when pursuant to Indiana Code section 35-50-2-14, the enhancement had to be served consecutively, I am concerned that the majority opinion usurps this Court’s limited role and sets aside the guidance we gave in Cardwell v. State, 895 N.E.2d 1219 (2008). Cardwell held that “appellate review should focus on the forest — the aggregate sentence — rather than the trees — consecutive or concurrent, number of counts, or length of the sentence on any individual count.” 895 N.E.2d at 1225.
Here the trial court judge did exactly what he was supposed to do — exercise discretion within the required statutory and case law framework. I fear this opinion blurs the guidance in Cardwell and is more akin to a second guessing by this Court. I believe that after “due consideration of the trial court’s decision” under Indiana Appellate Rule 7(B) that the sentence is appropriate “in light of the nature of the offense and the character of the offender.” After all, it is the defendant’s burden to demonstrate that the trial court sentence is inappropriate.
Furthermore, I do not believe that Walker v. State, 747 N.E.2d 536 (2001) is the relevant case. In Walker, the two molestations occurred over a period of less than ninety days and involved only oral sex. Id. at 538. In this case the molestations occurred over a span of one year and involved fondling, oral sex, and intercourse on multiple occasions. Moreover, Pierce has a prior conviction for molestation. This is a case where the discretion and judgment of the trial court should not be overturned. Consequently, with the ex *354 ception noted above, I would affirm the trial court.
DICKSON, J., concurs.