**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**MICHAEL C. KEATING**
**YVETTE M. LaPLANTE**
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOUGLAS A. MYERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1202-CR-78 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE VANDERBURGH SUPERIOR COURT**
The Honorable Mary Margaret Lloyd, Judge
Cause No. 82D02-1012-FA-1199

**October 10, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Douglas A. Myers appeals the sentence imposed by the trial court following his guilty plea to and convictions for two counts of Class B felony Sexual Misconduct with a Minor.[1] Specifically, Myers contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

The stipulated factual basis entered during the February 3, 2012 guilty plea and sentencing hearing provides that on two occasions between January 1, 2007 and January 1, 2010,[2] Myers penetrated the vagina of M.R. with his fingers. The incidents occurred while Myers was caring for M.R., his step-granddaughter.

On December 3, 2010, the State charged Myers with two counts of Class A felony child molesting and two counts of Class C felony child molesting.[3] On December 5, 2011, the parties entered into a plea agreement by which Myers agreed to plead guilty to two counts of Class B felony child molesting in exchange for the State agreeing (1) to dismiss the Class C felony child molesting charges; and (2) that any sentences imposed would be run concurrently.

During the guilty plea hearing, the parties discussed a discrepancy regarding whether M.R. was under the age of fourteen when the alleged acts occurred. In light of this

---

[1] Ind. Code § 35-42-4-9(a) (2006).

[2] In admitting to the conduct at issue in the instant matter, Myers claimed that the criminal acts actually occurred between April of 2009 and July of 2009.

[3] Myers admitted to investigating officers that he had penetrated M.R.'s vagina with his fingers on more than one occasion and that he had fondled M.R.'s breasts on at least four occasions.

discrepancy, the parties agreed to amend the charges covered by the plea agreement to include two counts of Class B felony sexual misconduct with a minor. The trial court accepted Myers's guilty plea to two counts of Class B felony sexual misconduct with a minor, and sentenced Myers, pursuant to the terms of the plea agreement, to a term of eighteen years. This appeal follows.

## DISCUSSION AND DECISION

Myers contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of the nature of his offenses and his character.

## I. Abuse of Discretion

Myers claims that the trial court abused its discretion in finding as an aggravating factor that he committed crimes of violence. Myers also claims that the trial court abused its discretion in failing to find as mitigating factors that he pled guilty and that both the victim and the victim's mother asked the court for leniency in sentencing Myers.

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted). When imposing a sentence in a felony case, the trial court must provide a reasonably detailed sentencing statement explaining its reason for imposing the sentence. *Id.*

One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id*. at 490-91.

In sentencing Myers, the trial court found the following aggravating factors: (1) the crimes to which Myers admitted were crimes of violence; (2) Myers violated a position of trust; (3) Myers apologized to various members of his family, but not the victim; (4) Myers made threats to the victim to assure her silence; (5) the victim has been re-victimized by the circumstances and her family's ongoing support of Myers; and (6) Myers's criminal acts occurred more than once. The trial court also found the following mitigating factors: (1) Myers did not have any prior criminal history; (2) Myers was in poor health; (3) Myers admitted responsibility for his actions to his family and the court; and (4) Myers appeared remorseful. After considering each of these factors, the trial court imposed an eighteen-year term of imprisonment.

## A. Aggravating Factors

On appeal, Myers does not challenge the following aggravating factors found by the trial court: (1) Myers violated a position of trust; (2) Myers apologized to various members of his family, but not the victim; (3) Myers made threats to the victim to assure her silence;

4

(4) the victim has been re-victimized by the circumstances and her family's ongoing support of Myers; and (5) Myers's criminal acts occurred more than once. Myers only challenges the trial court's finding that he committed crimes of violence to be an aggravating factor at sentencing.

### 1. Crimes of Violence

Myers argues that the trial court abused its discretion in finding as an aggravating factor that the crimes to which he admitted were crimes of violence. Indiana Code section 35-38-1-7.1(a) (2006) sets forth a list of statutory factors that a trial court can consider as aggravating factors when imposing a sentence. One factor listed in Indiana Code section 35-38-1-7.1(a) is that the defendant committed a crime of violence, as defined by Indiana Code 35-50-1-2 (2006), in the presence or within hearing of an individual who was under the age of eighteen years of age and was not the victim of the offense. Indiana Code section 35-50-1-2(a)(11) provides that Class B felony sexual misconduct with a minor includes sexual misconduct as defined by Indiana Code section 35-42-4-9(b)(2). Indiana Code section 35-42-4-9(b)(2) states that an individual, who is at least twenty-one years of age, commits Class B felony sexual misconduct with a minor if the individual:

> performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person … if [the act] is committed by using or threatening the use of deadly force, while armed with a deadly weapon, or if the commission of the offense is facilitated by furnishing the victim, without the victim's knowledge, with a drug … or a controlled substance … or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge.

5

Here, Myers was not charged with Class B felony sexual misconduct with a minor under Indiana Code section 45-42-4-9(b)(2), but rather under Indiana Code section 45-42-4-9(a)(1). There is nothing in the record to indicate that Myers committed the acts in question by using or threatening the use of deadly force as is required by Indiana Code section 45-42-4-9(b)(2), or that he committed the acts in question in the presence or within hearing of an individual, other than the victim, who was under eighteen years of age. Thus, under the clear language of Indiana Code sections 35-38-1-7.1 and 35-50-1-2, Myers's criminal actions would not qualify as "crimes of violence" for sentencing purposes, and should not be considered as such. Accordingly, we conclude that the trial court abused its discretion in finding as an aggravating factor that the criminal actions to which Myers admitted were crimes of violence.

### B. Mitigating Factors

Myers also claims that the trial court abused its discretion in failing to consider his guilty plea and the requests of the victim and the victim's mother for leniency for Myers at sentencing to be significant mitigating circumstances. Although a sentencing court must consider all evidence of mitigating circumstances offered by a defendant, the finding of mitigating circumstances rests within the court's discretion. *Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002). "A court does not err in failing to find mitigation when a mitigation claim is highly disputable in nature, weight, or significance." *Id.* (internal quotations omitted). While a failure to find mitigating circumstances clearly supported by the record may imply that the sentencing court improperly overlooked them, "[T]he court is obligated

neither to credit mitigating circumstances in the same manner as would the defendant, nor to explain why he or she has chosen not to find mitigating circumstances." *Id.*

### 1. Guilty Plea

Myers argues that the trial court abused its discretion in failing to find his guilty plea to be a significant mitigating factor at sentencing. Although it is well-established that a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return, *Francis v. State*, 817 N.E.2d 235, 238 (Ind. 2004), a guilty plea is not automatically a significant mitigating factor. *Sensback v. State*, 720 N.E.2d 1160, 1065 (Ind. 1999).

Here, the trial court found as a mitigating factor that Myers had accepted responsibility for his actions before various members of his family as well as the court. By finding this mitigating factor, the trial court essentially recognized that Myers accepted responsibility for his actions by pleading guilty. As such, the record indicates that the trial did in fact grant mitigating wait to Myers's guilty plea.

Furthermore, to the extent that the above-stated mitigating factor does not indicate that the trial court considered Myers's guilty plea as a mitigating factor, we cannot say that the trial court abused its discretion in failing to recognize Myers's guilty plea as a significant mitigating factor. While the State ultimately benefited from being spared the expense of trial and M.R. was spared of the need to testify in open court against Myers, the record indicates that Myers waited nearly one year after charges were filed before pleading guilty and that he benefited greatly from the guilty plea in that two Class A felony charges were reduced to Class B felony convictions, the State agreed to dismiss two Class C felony charges, and the

7

State agreed that any sentences imposed would be served concurrently in exchange for Myers's plea.

**2. Request of Victim and Victim's Mother for Leniency in Sentencing Myers**

Myers also argues that the trial court abused its discretion in failing to find the request of the victim and the victim's mother for leniency in sentencing Myers to be a mitigating factor. In support of his claim, Myers acknowledges that the impact of a defendant's actions upon a victim can be considered to be an aggravating factor if the impact is different than the normal impact such acts would have on the victim. *See generally McElroy v. State*, 865 N.E.2d 584, 590 (Ind. 2007) (recognizing that it is settled law that a separate aggravator is improper where there is nothing in the record to indicate that the impact on the victims was different than the impact on the victims which usually occur in such crimes). Thus, Myers argues that the reverse should be true and, here, it should be considered mitigating that M.R. was impacted less than other victims of similar crimes. In making this argument, Myers asserts that because M.R. stated that she believed he should be shown leniency at sentencing, she has been impacted less by his actions than others might have been.

Again, the trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating factor. *Gross v. State*, 769 N.E.2d 1136, 1140 (Ind. 2002) (citing *McCann v. State*, 749 N.E.2d 1116, 1121 (Ind. 2001)). Nor is the court required to give the same weight to proffered mitigating factors as the defendant does. *Id.* (citing *Bonds v. State*, 721 N.E.2d 1238, 1243 (Ind. 1999). The trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001)

8

(citing *Birdsong v. State*, 685 N.E.2d 42, 47 (Ind. 1997)). Furthermore, while Indiana law mandates that the trial judge not ignore facts in the record that would mitigate an offense, and a failure to find mitigating factors that are clearly supported by the record may imply that the trial court failed to properly consider them, *id.*, an allegation that the trial court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999).

Upon review, we conclude that the record does not demonstrate that the trial court abused its discretion in failing to consider the request of M.R. and her mother for leniency in sentencing Myers to be a mitigating factor. Although both M.R. and her mother told the trial court that they believed that the court should employ leniency in sentencing Myers because he had done a lot for their family, including buying them a home, and his actions were aberrations of an otherwise law-abiding life, the trial court found Myers's willingness to spend time with and do things for M.R. and her family to be evidence of the position of trust he had over M.R. The trial court noted that while Myers engaged in many activities with M.R. "just like every other grandpa," "every other grandpa doesn't insert fingers into her vagina, more than once." Tr. p. 46. The trial court also found that Myers had threatened M.R. to remain silent about his actions, telling her that if she told anyone, "it would tear the family apart." Tr. p. 46. The trial court further found that the M.R.'s family's cavalier attitude toward Myers's actions contributed to the re-victimization of M.R.

Having concluded that the trial court abused its discretion in finding as an aggravating

factor that the criminal acts admitted to by Myers were crimes of violence, that the trial court did essentially consider the fact that Myers pled guilty to be a mitigating factor, and that the trial court did not abuse its discretion in failing to find the request of M.R. and her mother for leniency to be a mitigating factor, we further conclude that the trial court did not abuse its discretion in sentencing Myers. In making this conclusion, we observe that where, as is the case here, "the trial court has abused its discretion, we will remand for resentencing only 'if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.'" *Bryant v. State*, 959 N.E.2d 315, 322 (Ind. Ct. App. 2011) (quoting *Anglemyer*, 686 N.E.2d at 491).

In the instant matter, the trial court relied heavily on the aggravating factor that Myers violated a position of trust in committing his criminal acts. The trial court also considered the following to be significant factors at sentencing: (1) Myers threatened his victim by telling her that her family would be torn apart if she told anyone what he had done to her; (2) Myers apologized specifically to various members of his family, but not the victim; (3) Myers's lack of criminal history; (4) Myers's poor health; and (5) Myers appeared remorseful. The trial court determined that the aggravating factors outweighed the mitigating factors and imposed an eighteen-year sentence. Given the emphasis that the trial court placed on Myers's violation of his position of trust with M.R., upon review, we can say with confidence that the trial court would have imposed the same sentence had it considered only the aggravating and mitigating factors not challenged by Myers on appeal. As such, the trial court did not abuse its discretion in sentencing Myers.

10

## II. Appropriateness of Sentence

In addition, Myers challenges his sentence by claiming that it is inappropriate in light of the nature of his offenses and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of his offenses, Myers acknowledges that sexual misconduct with a minor is a serious offense but claims that his sentence was nonetheless inappropriate because he did not use force in committing his crimes, M.R. did not suffer any physical injuries as a result of his crimes, and M.R. was receiving therapy and had already begun to "get over the emotional part of the incidents." Appellant's Br. p. 14. We disagree. The record demonstrates that Myers committed multiple acts of sexual misconduct on his step-granddaughter while she was in his care and threatened her to remain silent about his acts. Further, while M.R. may be responding well to therapy, it does not minimize the heinous nature of Myers's criminal acts or that M.R. has been re-victimized by Myers's subsequent actions and her family's cavalier attitude toward Myers's actions.

With respect to his character, the record reveals that Myers had maintained a largely law-abiding life up until the time Myers committed the instant acts. The record further reveals that Myers was in a position of trust with M.R. and her immediate family as is

evidenced by their descriptions of his positive character traits, including spending time with M.R. doing "grandfatherly" activities and helping the family financially. However, the record also reveals, as the trial court noted, that Myers apologized to numerous family members but not M.R. and that Myers threatened M.R. by telling her that her family would be torn apart if she told anyone. These facts do not reflect positively on Myers's character. In light of Myers's criminal actions and the negative character traits exemplified by the instant matter, including Myers's willingness to violate a position of trust, victimize, and threaten his step-granddaughter, we cannot say that Myers's eighteen-year sentence in inappropriate.

The judgment of the trial court is affirmed.

ROBB, C.J., concurs.

BAKER, J., concurs in part and dissents in part with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA


DOUGLAS A. MYERS,                           )
                                            )
    Appellant-Defendant,                )
                                            )
        vs.                         )       No.  82A01-1202-CR-78
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.                 )


**BAKER, Judge, concurring in part and dissenting in part.**

I agree with the majority's determination that the trial court abused its discretion regarding whether Myers committed crimes of violence. However, I respectfully part ways with the majority's analysis and conclusion regarding the trial court's failure to attribute significant mitigating weight to the guilty plea and the appropriateness of Myers's sentence.

The majority points out that a defendant's guilty plea should generally be afforded mitigating weight by the trial court. Francis v. State, 817 N.E.2d 235, 238 (Ind. 1999). I also agree that a guilty plea is not always a significant mitigating factor, especially where it is not reflective of the defendant's acceptance of responsibility or if the defendant receives a

13

substantial benefit in return. See Anglemyer v. State, 875 N.E.2d 218, 221 (Ind. 2007) (on rehearing).

Here, the trial court expressly found as a mitigating factor that Myers admitted responsibility to his family and to the court. The majority states that to the extent that mitigating weight for the guilty plea was not already incorporated into this mitigating factor, the trial court did not abuse its discretion by failing to consider the plea as a mitigating factor because Myers waited nearly a year to plead guilty and because he received a substantial benefit from plea. Slip op. at 7. However, because M.R. was fourteen when the incidents occurred, the charges pending against Myers were erroneous until they were amended at the plea hearing. Once the charges were accurate, Myers immediately pleaded guilty.

Moreover, I disagree that Myers received a substantial benefit in return for his plea. As just discussed, the class A felony charges were reduced to class B felonies because the original charges were erroneous. Had Myers put the State to its proof on the original charges, he may have obtained an acquittal. Furthermore, the fact that Myers received concurrent sentences was not a substantial benefit inasmuch as our Supreme Court has regularly stated that consecutive sentences are inappropriate where the crimes involve both the same acts and the same victim. See, e.g., Walker v. State, 747 N.E.2d 536, 538 (Ind. 2001) (revising sentences on two counts of child molestation to run concurrently instead of consecutively); Pierce v. State, 949 N.E.2d 349, 352 (Ind. 2011) (finding that both enhanced and concurrent sentences were improper). Under these circumstances, I think that the trial court erred in affording no mitigating weight to Myers's guilty plea.

14

As for the appropriateness of Myers's sentence, I note that an eighteen-year sentence is eight years over the advisory sentence and only two years less than the maximum sentence, which is usually reserved for the worst offenders. Buchanan v. State, 699 N.E.2d 655, 657 (Ind. 1998). Although Myers's actions are certainly repugnant, the record shows that they involved one victim, no use of force, and no physical injury. Moreover, I disagree that the "threats" made by Myers or "[M.R.'s] family's cavalier attitude" warrant an enhancement of eight years. Slip op. at 11. Likewise, Myers's statement that "it would tear the family apart" if M.R. told anyone, while likely detrimental to M.R.'s emotional well-being, is not of the same magnitude as threatening M.R.'s physical safety unless she kept quiet. Id.

A review of Myers's character also persuades me that his sentence is inappropriate. At age sixty-seven, these are his first convictions, and the trial court found that Myers was remorseful and had accepted responsibility. Finally, the victim and her mother specifically asked that the trial court employ leniency in sentencing Myers.

Accordingly, I would revise Myers's sentences imposed on both counts to the advisory sentences of ten years to be served concurrently.