**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**NOAH T. WILLIAMS**
**STUART K. BAGGERLY**
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICHAEL CHAMBERS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 53A01-1209-CR-401 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Teresa D. Harper, Judge
Cause No. 53C09-1106-FB-558

**February 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Michael Chambers ("Chambers") was convicted of two counts of Sexual Misconduct with a Minor, as Class B felonies.[1] He challenges one of those convictions[2] and the aggregate forty-year sentence imposed. We affirm his convictions but remand to the trial court with instructions to impose concurrent sentences.

**Issues**

Chambers presents two issues for review:

I.     Whether the evidence is sufficient to support the conviction for Sexual Misconduct based upon sexual intercourse; and

II.    Whether his sentence is inappropriate.

**Facts and Procedural History**

During the spring of 2011, C.F. lived in a Bloomington, Indiana townhouse with her four daughters, including fourteen-year-old S.F. Because C.F.'s best friend and her friend's fiancé, Chambers, were homeless, C.F. allowed them to temporarily move into the townhouse. Chambers, who was unemployed, began to spend time with S.F., do errands for her, and purchase small things for her.

One evening around midnight, S.F. went into her kitchen to get a drink of water. Chambers came into the kitchen and he and S.F. began kissing. S.F. removed her sweatpants and Chambers inserted the tip of his penis into S.F.'s vagina. She pushed Chambers away

---

[1] Ind. Code § 35-42-4-9.

[2] Chambers challenges the conviction based upon sexual intercourse and does not challenge the conviction based upon deviate sexual conduct by digital penetration.

2

because the activity hurt her, and he stopped. On another occasion, Chambers put his finger into S.F.'s vagina. S.F. indicated that she was in pain, and Chambers stopped.

On June 21, 2011, the State charged Chambers with two counts of Sexual Misconduct with a Minor. On July 6, 2012, Chambers was tried in a bench trial and found guilty as charged. He received two twenty-year sentences, to be served consecutively. He now appeals.

## Discussion and Decision

### I. Sufficiency of the Evidence

Chambers contends that the evidence is insufficient to support his conviction for sexual misconduct by means of sexual intercourse. More specifically, he asks that we apply the incredible dubiosity rule and disregard S.F.'s testimony because she was inconsistent when asked whether sexual intercourse occurred.

To convict Chambers of Sexual Misconduct with a Minor, as a Class B felony, as charged, the State was required to establish beyond a reasonable doubt that Chambers, a person at least twenty-one years of age, engaged in sexual intercourse with S.F., a child less than sixteen years of age. I.C. § 35-42-4-9(a)(1). Sexual intercourse is "an act that includes any penetration of the female sex organ by the male sex organ." I.C. § 35-31.5-2-302. The statute defining sexual intercourse does not require that the vagina be penetrated, only that the female sex organ be penetrated. Short v. State, 564 N.E.2d 553, 559 (Ind. Ct. App. 1991). Penetration of the external genitalia, or vulva, is sufficient to support an unlawful sexual intercourse conviction. Id.

3

When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Henley v. State, 881 N.E.2d 639, 652 (Ind. 2008). We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

Pursuant to the "incredible dubiosity rule," this Court may impinge upon the responsibility of the fact-finder to judge the credibility of witnesses when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony. Manuel v. State, 971 N.E.2d 1262, 1271 (Ind. Ct. App. 2012). A defendant's conviction may be reversed where a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence. Id. However, application of the rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. Id.

S.F. was sixteen years old at the time of trial but was somewhat developmentally delayed.[3] The prosecutor asked S.F. if she knew what "sex" meant and S.F. responded: "where the guy puts his penis in the girl's vagina." (Tr. 59.) She acknowledged that this was sometimes referred to "as sexual intercourse." (Tr. 59.) S.F. alternately told the prosecutor that she and Chambers had sexual intercourse, did not have sexual intercourse, and "I don't

---

[3] The extent or nature of S.F.'s disability is not developed in the record. Her mother testified that she needed reminders to bathe and had an individualized educational plan at school. Relying upon triple hearsay, the State points to testimony from Detective Sarah Carnes that Chambers had, in his police statement, indicated his belief that S.F. "had the mind of an eight year old according to what doctors had told the family." (Tr. 186.) Nonetheless, S.F. provided articulate and detailed testimony in court.

4

know." (Tr. 61.) However, S.F. also testified that Chambers "put the tip of his penis in [her] vagina" and later specified it was "the head." (Tr. 64, 66.) The prosecutor asked S.F. to "show the Judge with your fingers how much went in" and S.F. complied. (Tr. 66.) On cross-examination, S.F. agreed with the defense attorney that she "never had sex with [Chambers]." (Tr. 93.) On re-direct, she stated that Chambers "put his penis in me" and illustrated for the court "that much." (Tr. 96.)

At first blush, S.F.'s testimony seems inconsistent. However, she repeatedly described (and twice provided visual illustrations of) an act that would constitute sexual intercourse under Indiana law. She was unequivocal as to the occurrence of penetration but apparently became confused when asked to label the conduct. Her testimony is analogous to someone repeatedly stating with certainty that she saw a killing but, when asked to categorize, being uncertain if it was murder, manslaughter, or reckless homicide.

S.F. never equivocated in her testimony that Chambers inserted his penis into her vagina. She simply did not categorize an act of slight penetration as "sexual intercourse." We do not find her testimony to be so inherently incredible as to justify application of the incredible dubiosity rule.

## II. Sentence

Chambers further contends that his aggregate forty-year sentence is inappropriate. Under Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." It is the

5

defendant's burden to persuade this court that his sentence "has met th[e] inappropriateness standard of review." Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007).

In Reid v. State, the Indiana Supreme Court reiterated the standard by which our state appellate courts independently review criminal sentences:

> Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

The Court more recently stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." Id. at 1224. Indiana's flexible sentencing scheme allows trial courts to tailor a sentence appropriate to the circumstances presented. See id. Appellate review should focus on the aggregate sentence; a principal purpose is to attempt to "leaven the outliers." Id. at 1225. "Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Id. at 1224.

6

Here, Chambers was convicted of two counts of Sexual Misconduct with a Minor. As Class B felonies, each count carried a sentencing range of six to twenty years imprisonment, with an advisory term of ten years. I.C. § 35-50-2-5. The trial court sentenced Chambers to twenty years imprisonment for each offense and ordered that the sentences be served consecutively. Accordingly, Chambers received the maximum possible sentence.

Applying Appellate Rule 7(B), we turn first to the nature of Chambers' offenses. Chambers took advantage of the hospitality and trust S.F.'s mother placed in him. He lured S.F., then fourteen but apparently somewhat learning disabled, into sexual activities. Chambers inserted the head of his penis into S.F.'s vagina and digitally penetrated her vagina. In each of these incidents, Chambers stopped when S.F. indicated that she was in pain.

With respect to his character, Chambers has eight felony convictions (for attempted forgery, forgery, fraud, and theft). He also has misdemeanor convictions for furnishing alcohol to a minor and possession of marijuana. He has previously violated parole and was on parole when he committed the instant offenses.

Chambers directs our attention to our supreme court's opinion in Walker v. State, 747 N.E.2d 536 (Ind. 2001). There, the appellant lacked a criminal history, had committed a series of identical acts against a single victim, and there was no discernible physical injury, leading the court to conclude that consecutive sentences of forty years each for two Class A felony convictions of child molesting was manifestly unreasonable. Id. at 538. The sentence was revised to a concurrent sentence of forty years. Id. Subsequently, in Harris v. State, 897

7

N.E.2d 927, 930 (Ind. 2008), our supreme court revised consecutive fifty-year sentences to concurrent sentences where the appellant's criminal history consisted of two class D felonies involving theft and numerous traffic violations, which the court concluded were not significant aggravators in relation to class A felony child molestation.

We find this authority to be instructive here. Although Chambers' character does not speak well of him, the incidents that gave rise to his convictions are not of a nature to justify the maximum possible aggregate sentence. Because of Chambers' extensive prior criminal history, we agree with the trial court that an aggravated sentence is appropriate. However, his criminal history is not significant in relation to sexual misconduct and his acts against S.F. were not so separated in time, place, and circumstance as to make the imposition of consecutive sentences appropriate. Simply put, we conclude that the forty-year sentence imposed is an outlier. We therefore exercise our independent authority under the Indiana Constitution and Appellate Rule 7(B), and thereby order the trial court to impose concurrent twenty-year sentences, yielding an aggregate term of imprisonment of twenty years.

## Conclusion

There is sufficient evidence to sustain Chambers' convictions. Because we conclude that his aggregate forty-year sentence is inappropriate, we order that his sentence be revised to two concurrent terms of twenty years.

Affirmed in part, reversed in part, and remanded with instructions.

BROWN, J., concurs.

VAIDIK, J., dissents with opinion.

8

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL CHAMBERS, | ) | |
| | ) | |
| Appellant-Defendant | ) | |
| | ) | |
| vs. | ) | No. 53A01-1209-CR-401 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |
| | ) | |

**VAIDIK, Judge, dissenting.**

I concur with the majority's conclusion as to the sufficiency of the evidence against Chambers. However, I respectfully dissent from the majority's decision to revise Chambers' sentence to two, concurrent twenty-year terms, decreasing his total sentence by half.

The majority cites two cases—*Walker v. State*, 747 N.E.2d 536, 537 (Ind. 2001) and *Harris v. State*, 897 N.E.2d 927, 930 (Ind. 2008)—in support of its decision to revise Chambers' sentence. But in *Walker*, the defendant had no criminal history, and in *Harris*, the defendant had two felony convictions for theft and a handful of traffic violations. Chambers,

9

by contrast, has amassed a much more significant criminal history:     he has eight felony convictions for theft, fraud, forgery, and attempted forgery. He also has misdemeanor convictions for providing alcohol to a minor and possession of marijuana. He has violated his parole three times in the past and was on parole when he committed the underlying offenses. The number of Chambers' convictions, coupled with his behavior following those convictions, reflects negatively on his character.

When we consider the appropriateness of a sentence, "we exercise with great restraint our responsibility to review and revise sentences, recognizing the special expertise of the trial bench in making sentencing decisions." *Green v. State*, 811 N.E.2d 874, 880 (Ind. Ct. App. 2004). Here, Chambers committed two separate and distinct acts of sexual misconduct against fourteen-year-old S.F., who is developmentally disabled. On one occasion, Chambers inserted the head of his penis into S.F.'s vagina, and on another occasion, Chambers digitally penetrated S.F.'s vagina. Both acts caused S.F. pain. When committing these acts, Chambers abused the hospitality and trust that his friend, S.F.'s mother, had granted him. I believe the nature of these two offenses, coupled with Chambers' significant criminal history, makes the sentence imposed by the trial court fully appropriate.

I respectfully dissent and would affirm the sentence imposed by the trial court.