**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Mar 12 2013, 8:32 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ALLAN W. REID**
Allan W. Reid, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GARY GARDNER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1207-PC-379 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
The Honorable Jeffrey L. Marchal, Master Commissioner
Cause No. 49G06-0405-PC-79859

**March 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Gary Gardner appeals the denial of his petition for post-conviction relief. We affirm.

## ISSUE

Gardner raises two issues, which we consolidate and restate as: whether he received ineffective assistance of appellate counsel.

## FACTS AND PROCEDURAL HISTORY

The State charged Gardner with four counts of Class A felony child molesting, two counts of Class C felony child molesting, one count of Class C felony child exploitation, and one count of Class D felony possession of child pornography. Gardner and the State executed a plea agreement. Pursuant to the agreement, Gardner pleaded guilty to three counts of Class A felony child molesting regarding his stepdaughter, one count of Class C felony child molesting regarding A.C., a child in his care, and one count of Class C felony child exploitation regarding a photograph he took of his stepdaughter, his daughter, and A.C. in the nude. In exchange, the State dismissed the remaining charges and agreed that Gardner's total sentence would not exceed ninety years. On June 7, 2005, the trial court sentenced Gardner to a ninety-year term.

Gardner appealed, arguing that the trial court erred by failing to issue a written sentencing statement. A panel of this Court affirmed the trial court's judgment in an unpublished memorandum decision. *Gardner v. State*, No. 49A02-0704-CR-360 (Ind. Ct. App. Dec. 19, 2007).

Next, Gardner filed a petition for post-conviction relief. The post-conviction court held an evidentiary hearing and subsequently denied Gardner's petition. This appeal followed.

DISCUSSION AND DECISION

Gardner argues that his appellate counsel was ineffective because he believes that the claim that counsel presented on appeal was weak. He contends that his counsel should have sought to reduce his sentence.

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of evidence. *Ritchie v. State*, 875 N.E.2d 706, 713 (Ind. 2007). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* at 714. To prevail on appeal, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Id.*

To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel performed deficiently and the deficiency resulted in prejudice. *Lee v. State*, 892 N.E.2d 1231, 1233 (Ind. 2008). To establish the first element, the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008). To establish the second element, the defendant must show prejudice: a reasonable probability (that is, a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been

3

different. *Id.* Counsel's failure to present a claim that would have been meritless cannot constitute deficient performance. *Stowers v. State*, 657 N.E.2d 194, 200 (Ind. Ct. App. 1995), *trans. denied.*

Gardner says his counsel should have argued that his aggregate sentence is "an abuse of discretion." Appellant's Br. p. 8. However, although he frames his argument in terms of abuse of discretion, he does not challenge the trial court's identification of aggravating and mitigating factors at sentencing. Instead, Gardner argues in essence that his appellate counsel should have asked this Court to exercise its authority to revise and reduce his sentence. It is thus necessary to consider whether his sentence is inappropriate in order to determine whether appellate counsel should have raised such a claim.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The defendant has the burden of persuading us that his or her sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). In making this determination, we may look to any factors appearing in the record. *Calvert v. State*, 930 N.E.2d 633, 643 (Ind. Ct. App. 2010).

We first look to the statutory ranges established for the classes of the offenses. At the time Gardner committed his crimes, the fixed term for a Class A felony was thirty

4

years, with a minimum of twenty years and a maximum of fifty years. Ind. Code § 35-50-2-4 (1995). In addition, the fixed term for a Class C felony was four years, with a minimum of two years and a maximum of eight years. Ind. Code § 35-50-2-6 (1996). Gardner received a sentence of thirty years for each Class A felony child molest conviction, to be served consecutively. He also received six years for one of the Class C felony convictions and eight years for the other one. Both Class C felony convictions are to be served concurrently with each other and with the first Class A felony conviction, for an aggregate term of ninety years.

We next look to the nature of the offenses and the character of the offender. Regarding the nature of the offenses, between November 2002 and August 2003, Gardner molested his stepdaughter by acts including digital penetration, fellatio, and anal intercourse. Although he pleaded guilty to three Class A felonies involving specific incidents with his stepdaughter, the record reflects that he molested her on other occasions. In addition, Gardner photographed his stepdaughter, daughter, and A.C. in the nude, and he molested A.C. while photographing her. He was in a position of trust for all three victims because he was responsible for their care when he committed his crimes. Finally, at the times Gardner committed these crimes, his stepdaughter was five to six years old, his daughter was two to three years old, and A.C. was four to five years old—all well below the age required by the governing statute. Gardner asserts that we should consider "the absence of physical harm." Appellant's Br. p. 10. We disagree. The record reflects that when Gardner anally penetrated his stepdaughter, she screamed in pain.

5

Turning to the character of the offender, Gardner had no arrests or convictions prior to these crimes, but the extent of his crimes and the length of time over which they occurred outweigh his past law-abiding history. In addition, Gardner told the sentencing court he had been molested as a child, but there is no evidentiary link between that trauma and his crimes.

Weighing the severe and repeated nature of these crimes against Gardner's character, we cannot say that his ninety-year aggregate sentence is unreasonable. *See Serino v. State*, 798 N.E.2d 852, 858 (Ind. 2003) (reducing a sentence of 385 years for multiple child molest convictions involving one victim to three consecutive standard terms, for an aggregate sentence of ninety years).

Gardner argues that our Supreme Court has made a practice of reducing consecutive sentences in child molest cases where one child was the victim of multiple offenses, the theory being that consecutive sentences should be reserved for cases involving multiple victims. He thus reasons that his attorney should have argued that his sentences for his three Class A felony convictions, all of which involved his stepdaughter, should run concurrently rather than consecutively. We disagree. The Court has permitted consecutive sentences in child molest cases involving one victim where, as here, the defendant was in a position of trust with the victim and the molestations were perpetrated over a long span of time. *See Smith v. State*, 889 N.E.2d 261, 264 (Ind. 2008) (permitting consecutive sentences for multiple child molesting convictions involving the same victim because Smith repeatedly molested his victim and was in a position of trust with her); *Serino*, 798 N.E.2d at 858 (same).

6

Gardner's claim for sentence revision and reduction did not have a reasonable probability of being successful, so his appellate counsel did not perform deficiently by failing to raise this claim. Thus, Gardner has failed to show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the post-conviction court.

Affirmed.

CRONE, J., concurs.

BROWN, J., dissents with separate opinion.

GARY GARDNER,                          )
                                       )
    Appellant-Defendant,               )
                                       )
        vs.                        )     No. 49A05-1207-PC-379
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.                )

**BROWN, Judge, dissenting.**

I respectfully dissent from the majority's holding that the post-conviction court did not err in denying Gardner's petition for post-conviction relief on the grounds that he received ineffective assistance of appellate counsel.

As noted by the majority, to establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel performed deficiently and the deficiency resulted in prejudice. Lee v. State, 892 N.E.2d 1231, 1233 (Ind. 2008). Because the strategic decision regarding which issues to raise on appeal is one of the most important decisions to be made by appellate counsel, appellate counsel's failure to raise a specific issue on direct appeal rarely constitutes ineffective assistance. Burnside v. State, 858 N.E.2d 232, 238 (Ind. Ct. App. 2006).

The Indiana Supreme Court has adopted a two-part test to evaluate the deficiency prong of these claims: (1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are "clearly stronger" than the raised issues. Id. at 238-239 (citing Bieghler v. State, 690 N.E.2d 188, 194 (Ind. 1997), reh'g denied, cert. denied, 525 U.S. 1021, 119 S. Ct. 550 (1998)). To show that the deficiency resulted in prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Henley v. State, 881 N.E.2d 639, 644 (Ind. 2008).

Following his sentencing in June 2005, Gardner appealed and presented the sole issue of whether the trial court abused its sentencing discretion by failing to issue a written sentencing statement. This court held that, while Anglemyer v. State, 868 N.E.2d 482 (Ind. 2007), clarified upon reh'g, 875 N.E.2d 218, requires trial courts to give sentencing statements, "Gardner committed his crimes between 2002 and 2004 under the older pre-Blakely sentencing scheme" and "Anglemyer interpreted the post-Blakely sentencing amendments in 2005 and is therefore inapplicable to Gardner's sentence." Gardner v. State, No. 49A02-0704-CR-360, slip op. at 4-5 (Ind. Ct. App. December 19, 2007) (citing Storey v. State, 875 N.E.2d 243, 250 n.4 (Ind. Ct. App. 2007) (noting that "[b]ecause Storey committed his offenses on July 23, 2003, he was sentenced under Indiana's former presumptive sentencing scheme" and that [t]hus, Anglemyer is not applicable to this case"), trans. denied; Cole v. State, 850 N.E.2d 417, 418 n.1 (Ind. Ct. App. 2006) (noting that "[s]ince Cole committed the crimes in question and pleaded

9

guilty thereto before the effective date of the amendments, we apply the version of the statute then in effect . . . .")).

In addition, as noted by this court's opinion on direct appeal, Gardner committed the class A felony molestation offenses against his stepdaughter between November 2002 and August 2003, a period of eight months. See Gardner, No. 49A02-0704-CR-360, slip op. at 1. The Indiana Supreme Court has reduced the aggregate sentences of defendants under circumstances where the defendants had been convicted of multiple offenses involving the same victim. See Monroe v. State, 886 N.E.2d 578, 578-581 (Ind. 2008) (noting that the defendant had been convicted of five counts of deviate sexual misconduct as class A felonies with respect to a child seven to nine years of age over a two-year period and that the trial court had sentenced the defendant to twenty-two years with two years suspended to probation on each count to be served consecutively for an aggregate executed term of 100 years, observing that, while the defendant molested the child repeatedly for over two years, the five counts were identical and involved the same child, holding that nothing in the record supported imposing consecutive sentences, and revising the defendant's aggregate sentence to fifty years and remanding for a determination of whether and to what extent any portion of the sentence should be suspended); Walker v. State, 747 N.E.2d 536, 537-538 (Ind. 2001) (noting that the defendant had been convicted of two counts of child molesting related to a six-year-old victim as class A felonies and the trial court had ordered consecutive enhanced sentences of forty years on each count for an aggregate sentence of eighty years, observing that the offenses occurred during a three-month period and that the trial court did not find a

history of criminal behavior, that the counts of molestation were identical and involved the same child, and that there was no physical injury, and reducing the defendant's aggregate sentence by ordering the sentences to run concurrently).

In light of the fact that Anglemeyer was inapplicable to Gardner's sentence, that the Indiana Supreme Court has previously reduced the sentences of defendants under circumstances which were, arguably, analogous to the sentence and circumstances in this case, and Gardner's lack of criminal history, I would conclude that Gardner's appellate counsel was deficient in failing to raise the issue of the length of Gardner's aggregate ninety-year sentence because (a) the issue was significant and obvious from the face of the record and (b) because the unraised issue of the length of Gardner's sentence was "clearly stronger" than the issue raised in Gardner's direct appeal. Further, I would find that Gardner has shown that, but for his counsel's error in failing to present this issue on direct appeal, a reasonable probability exists that the result would have been different.

Accordingly, I would conclude that Gardner demonstrated that his appellate counsel's failure to raise an issue related to the length of his sentence constituted ineffective assistance, find that the post-conviction court erred in denying Gardner's petition for post-conviction relief, and remand for further proceedings.