## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 11 2018, 8:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ralph Lee McKinney,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 11, 2018

Court of Appeals Case No.
79A05-1712-CR-2796

Appeal from the Tippecanoe Superior Court.
The Honorable Steven P. Meyer, Judge.
Trial Court Cause No.
79D02-1708-F4-30

**Barteau, Senior Judge**

# Statement of the Case

Ralph Lee McKinney appeals his sentence after pleading guilty to one count of Level 4 felony child molesting[1] and admitting to his status as an habitual offender[2], contending that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

# Issue

The sole issue presented for our review is whether McKinney's sentence is inappropriate in light of the nature of the offense and the character of the offender.

# Facts and Procedural History

Although the factual basis established at the guilty plea hearing contains few details surrounding the circumstances of McKinney's offense beyond those necessary to establish the statutory elements of the offense, the trial court at sentencing found the seriousness and circumstances of the offense to be an aggravating factor. The nature and circumstances of the crime as well as the manner in which the crime is committed is a valid aggravating factor. *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013). In *Bethea*, our supreme court held, "Unless forbidden by the terms of the plea agreement, the trial court [] may

---

[1] Ind. Code § 35-42-4-3(b) (2015).

[2] Ind. Code § 35-50-2-8 (2015).

consider all the evidence before it." 983 N.E.2d at 1146. The probable cause affidavit and McKinney's version of the offense were included in the presentence investigation report which was a part of the record before McKinney was sentenced. Because there was no plea agreement, there are no restrictions and McKinney was afforded the opportunity to correct or amend his presentence investigation report. For those reasons, we recite those additional facts.

[4] McKinney, who was sixty years old at the time of the offense, was a high school graduate and had served in the United States Army. However, by the time of the offense at issue here, he was also a convicted sex offender. On the weekend of June 17, 2017, he asked his pastor if he could stay at her home because his home was being fumigated. The pastor agreed and allowed him to sleep in the common room. The pastor's seven-year-old grandson was also staying with her that weekend.

[5] After everyone went to their respective bedrooms to fall asleep, McKinney entered the room where the pastor's grandson was sleeping. McKinney groped the grandson under his pajamas and fondled the boy's penis. When McKinney noticed the light from a flashlight in the hallway, he ran quickly from the room, passing the pastor, who was using the flashlight, in the hallway. The pastor asked McKinney what was happening, but he did not respond to her.

[6] When the pastor entered the room where her grandson had been sleeping, she asked him what had happened. Her grandson told her that McKinney had

touched his private areas.  The pastor left the room, approached McKinney, and asked him what had happened.  McKinney admitted to fondling the pastor's grandson.  The pastor banished McKinney from the home immediately, called the parents of her grandson, and contacted police officers.

[7] The State charged McKinney on August 9, 2017.  On October 17, 2017, McKinney pleaded guilty to the offense, also admitting that he had prior unrelated felony convictions for two counts of child molesting on September 29, 1986, and arson on January 8, 1980.

## Discussion and Decision

[8] McKinney now appeals raising the issue of the appropriateness of his sentence. He argues that his twenty-eight-year aggregate sentence is inappropriate and asks that his sentence be revised to an aggregate term of eighteen years.

[9] The sentencing range for McKinney's child molesting offense is a fixed term of imprisonment of between two and twelve years with the advisory sentence being six years.  Ind. Code § 35-50-2-5.5 (2014).  With respect to the habitual offender status, for a Level 4 felony offender such as McKinney, the trial court shall sentence the offender to an additional fixed term between six years and twenty years.  Ind. Code § 35-50-2-8(i) (2015).  The trial court sentenced McKinney to a fixed term of ten years for his conviction of child molesting, enhanced by eighteen years for his habitual offender adjudication.  We acknowledge that the advisory sentence "is the starting point the Legislature has

selected as an appropriate sentence for the crime committed." *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006).

[10] We note as an initial matter that McKinney appears[3] to argue that the trial court erred by imposing an habitual offender enhancement based on charges previously used to support an habitual offender enhancement to charges filed against him in 1986. We acknowledge our Supreme Court's holding that,

> We have consistently emphasized the unique status of the habitual offender statute. This statute has historically provided for greater punishment than would ordinarily be imposed upon the substantive crime charged. The purpose of the statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies. Since the additional punishment is imposed for each new crime and not for crimes for which the defendant has already been convicted and punished, prior convictions used to establish the fact of habitual criminality at one trial can be used again after a subsequent felony conviction. There was no error in sentencing defendant on the habitual offender count.

*Williams v. State*, 430 N.E.2d 759, 768 (Ind. 1982) (internal citations omitted). The trial court did not err here, especially considering McKinney's admission to his habitual offender status.

[11] As for the nature of the offense, we observe that McKinney's pastor allowed him to sleep in her home in his time of need, while his home was being

---

[3] McKinney requests a downward revision of his sentence to eighteen years. The maximum sentence for his current offense is twelve years. Therefore, McKinney seems to recognize that some enhancement is appropriate due to his habitual offender status to which he admitted at his guilty plea hearing.

fumigated. Among others, her seven-year-old grandson, was also sleeping in the safety of her home. Despite the charity offered to McKinney, he chose to use the opportunity to molest his pastor's grandson. In pertinent part, the level of McKinney's offense requires that the victim be under the age of fourteen. The pastor's grandson was far younger than fourteen. "Crimes against children are particularly contemptible." *Walker v. State*, 747 N.E.2d 536, 538 (Ind. 2001) (citing *Singer v. State*, 674 N.E.2d 11, 15 (Ind. Ct. App. 1996)).

[12] As for the character of the offender, we acknowledge that he pleaded guilty without the benefit of a plea agreement and did so without an agreement regarding a sentencing cap. Furthermore, we recognize and commend McKinney for his military service following his graduation from high school. However, after his honorable discharge from the Army, he was convicted and sentenced for Class B felony arson in 1980. The presentence investigation report shows that McKinney's probation for that offense was revoked and a sentence was imposed for that violation. He was later convicted of one count of Class C felony child molesting in 1984 and two counts of Class C felony child molesting in 1986 for which his sentence was enhanced by his status as an habitual offender. According to the presentence investigation report, he was discharged from the Department of Correction in 2005. His criminal history shows that McKinney has a continuing pattern of abusing children and his behavior has not been deterred by periods of incarceration.

[13] We observe that the probation department recommended that McKinney serve thirty-two years in the Department of Correction. The trial court, however, did

not impose the maximum sentence for the offense or impose the most severe enhancement of the sentence due to McKinney's habitual offender status. We find that in light of the nature of the offense and the character of the offender the sentence is not inappropriate.

## Conclusion

In light of the foregoing, we affirm the decision of the trial court.

Affirmed.

Barnes, J., and Pyle, J., concur.