**Mario McCANN, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 49S05–0104–CR–209.

Supreme Court of Indiana.

June 20, 2001.

Amy L. Dell, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

We hold that the pregnancy of a victim, like any other circumstance that may extend the harm inflicted by a crime, may be an aggravating circumstance in sentencing whether or not the perpetrator is aware that the victim is pregnant.

## Factual and Procedural Background

On August 2, 1997, Mario McCann visited A.L. and Anthony Dozier at their home. After McCann left, A.L. went upstairs, fell asleep, and awoke to find McCann in her bedroom. McCann told A.L. he had a gun and would use it if she did not remain silent. He attempted to pull off her bedcovers, touched her breasts, and then told her, "shut up, it wouldn't take very long, and then he'd leave [A.L.] alone." At that point, Dozier entered the bedroom. A fight ensued and McCann shot Dozier in the chest and fled through the bedroom window. Both A.L. and Dozier identified McCann from a thirty-two person photo array. McCann was arrested and charged with attempted murder, burglary, and attempted rape.

McCann was found guilty on all charges and sentenced to fifty years for attempted murder and a consecutive sentence of fifty years for burglary. A concurrent sentence of fifty years was imposed for attempted rape. On direct appeal, he contended that: (1) the photo array and in-court identification were unduly suggestive; (2) the State committed prosecutorial misconduct; (3) the trial court gave an erroneous instruction on attempted rape; and (4) the trial court erred in sentencing him to maximum, consecutive sentences for his crimes. The Court of Appeals affirmed his convictions, but remanded to the trial court for resentencing. *McCann v. State*, 742 N.E.2d 998 (Ind.Ct.App.2001). We granted transfer to address the sentencing issue.

McCann challenges his sentence as "excessive and manifestly unreasonable." He raises a number of statutory issues and also contends that the sentence was manifestly unreasonable under Indiana Appellate Rule 7(B). As this Court has previously noted, "These are two separate inquiries reviewed under different standards." *Noojin v. State,* 730 N.E.2d 672, 678 (Ind.2000); *accord Hackett v. State,* 716 N.E.2d 1273, 1276 n. 1 (Ind.1999).

## I. Sentencing Error

As procedural error, McCann contends that: (1) the trial court considered improper aggravating circumstances; (2) the trial court failed to consider mitigating circumstances clearly supported by the record; and (3) the trial court did not balance the aggravating and mitigating circumstances. The trial court found four aggravating circumstances: (1) McCann's prior criminal history, (2) prior attempts to rehabilitate were unsuccessful, (3) the injuries to Dozier resulted in permanent impairment, and (4) the nature and circumstances of the crime including that A.L. was pregnant at the time of the attack and that the crimes involved multiple victims. The trial court found no mitigating circumstances and then imposed maximum sentences on all three counts, two of which it ordered to be served consecutively.

On direct appeal, the Court of Appeals determined that the "rehabilitation" and "nature and circumstances" aggravating factors were improperly considered, and that McCann's claimed mitigating circumstances—his abusive childhood and the hardship that would result to his child from his incarceration—were not required to be considered as mitigating circumstances. The case was remanded to the trial court to balance the two remaining aggravating circumstances and resentence

McCann. *McCann,* 742 N.E.2d at 1007. Judge Vaidik dissented, concluding that the "nature and circumstances" aggravating factor, specifically the victim's pregnancy, was properly considered by the trial court. *Id.* at 1009. She also disagreed with the majority's decision to remand the case. She took the view that because a single aggravating circumstance is enough to support enhanced and consecutive sentences, and there were three valid aggravating circumstances in this case, the sentence should be affirmed.

■ In general, sentencing determinations are within the trial court's discretion and are governed by Indiana Code section 35-38-1-7.1. *Harris v. State,* 659 N.E.2d 522, 527 (Ind.1995). If a trial court relies on aggravating or mitigating circumstances to enhance or reduce the presumptive sentence, it must: (1) identify all significant mitigating and aggravating circumstances, (2) state the specific reason why each circumstance is determined to be mitigating or aggravating, and (3) articulate the court's evaluation and balancing of the identified circumstances. *Id.* at 527–28.

■ First, McCann challenges the trial court's finding of aggravating circumstances. We agree with the Court of Appeals that both McCann's criminal history and Dozier's permanent impairment[1] were proper aggravators. McCann's criminal history is a statutory aggravating circumstance and was properly considered. Ind. Code § 35-38-1-7.1(b)(2) (1998). The serious nature of a victim's injuries is also a proper aggravator. *Aguirre v. State,* 552 N.E.2d 473, 476 (Ind.1990); *Lang v. State,* 461 N.E.2d 1110, 1113 (Ind.1984).

---

1. Dozier was shot in the chest. The bullet pierced his lung. The injury caused him to

miss work for an extended period of time and still interferes with his breathing.

■ The trial court also found "that prior attempts to rehabilitate the defendant have been unsuccessful." It is not entirely clear whether this is simply a restatement of the fact that McCann had a criminal record, or was a reference to the statutory aggravating circumstance that the defendant is "in need of correctional or rehabilitative treatment that can best be provided by commitment of the person to a penal facility." I.C. § 35–38–1–7.1(b)(3). If the former, it is cumulative and, if the latter, we agree with the Court of Appeals that, because the trial court failed to explain why incarceration beyond the presumptive sentence was necessary, it improperly considered prior attempts at rehabilitation as an aggravating circumstance.

■ We disagree with the Court of Appeals that the trial court's consideration of the nature and circumstances of the crime was improper. The Court of Appeals took the view that this was an improper aggravating circumstance for two reasons. First, it relied on elements of the offense to enhance the sentence. Second, the Court of Appeals held that A.L.'s pregnancy, because it was "a fact apparently unknown to McCann," was not a proper aggravating circumstance.

■ Generally, the "nature and circumstances" of a crime is a proper aggravating circumstance. *Thacker v. State*, 709 N.E.2d 3, 10 (Ind.1999). Even if the trial court relied on an improper factor under this aggravating circumstance, the sentence may be upheld so long as "[t]he remaining components of that aggravator were proper." *Angleton v. State*, 714 N.E.2d 156, 160 (Ind.1999).

■ Under "nature and circumstances," the trial court stated, "the facts of this case are particularly aggravating. The case involves a home invasion of a residence for the purpose of committing the crime of rape. That the defendant attempted the rape of [A.L.] in this matter while she was pregnant. And that these offenses or this series of acts involves multiple victims." The Court of Appeals was correct that the trial court may not use "a factor constituting a material element of an offense as an aggravating circumstance." *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind.2000). However, in this case, in addition to elements of the burglary offense, the trial court relied on the fact that there were multiple victims and on A.L.'s pregnancy. Injury to multiple victims has been cited several times by this Court as supporting enhanced and consecutive sentences. *Walton v. State*, 650 N.E.2d 1134, 1137 (Ind.1995) (listing multiple killings as a "non-statutory aggravating circumstance"); *cf. Tobar v. State*, 740 N.E.2d 109, 113 (Ind.2000); *Noojin v. State*, 730 N.E.2d 672, 679 (Ind.2000).

■ The Court of Appeals also found erroneous the trial court's finding that the victim's pregnancy was an aggravating circumstance. We agree with Judge Vaidik that pregnancy is similar to the infirmity or age of the victim in that the defendant's knowledge of these circumstances is not necessary for them to qualify as aggravating. *See Stevens v. State*, 691 N.E.2d 412, 431–33 (Ind.1997). To be sure, knowledge of the victim's vulnerability adds to the culpability of the perpetrator, but aggravating circumstances turn on the consequences to the victim as well as the culpability of the defendant. *Id.* This understanding of aggravating circumstances comports with the Black's Law Dictionary definition of aggravation: "[a]ny circumstance attending the commission of a crime ... which increases its guilt or enormity or adds to its injurious consequences...." *Black's Law Dictionary* 60 (5th ed. 1979).

McCann also challenges the trial court's failure to find his abusive childhood and the hardship that will result to his child from incarceration as mitigating circumstances. The finding of mitigating circumstances is within the discretion of the trial court. *Legue v. State*, 688 N.E.2d 408, 411 (Ind.1997). An allegation that the trial court failed to identify or find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind.1999). The trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating circumstance. *Legue*, 688 N.E.2d at 411. McCann's claims that "nobody really liked [him]" as a child and that he "got beat up a lot" are not significant examples of an abusive childhood. McCann does not explain how his incarceration for maximum, consecutive sentences will result in more hardship to his daughter than his incarceration for the presumptive or minimum sentence. *Battles v. State*, 688 N.E.2d 1230, 1237 (Ind.1997). We agree with the Court of Appeals that the trial court did not abuse its discretion in failing to find these factors as mitigating.

Finally, McCann contends that the trial court improperly weighed the aggravating and mitigating circumstances. The Court of Appeals remanded this case to the trial court because "it is unclear what weight the trial court assigned to each designated aggravator, ... there are now fewer valid aggravating circumstances to consider, [and] 'we are not persuaded that the original sentence would have been the same had the trial court not relied on ... impermissible factors.'" *McCann*, 742 N.E.2d at 1007 (quoting *Bluck v. State*, 716 N.E.2d 507, 515 (Ind.Ct.App.1999)). We disagree. This Court has many times not-

ed that "[a] single aggravating circumstance is enough to justify an enhancement or the imposition of consecutive sentences." *Williams v. State*, 690 N.E.2d 162, 172 (Ind.1997). However, we will remand for resentencing if we cannot say with confidence that the trial court would have imposed the same sentence if it considered the proper aggravating and mitigating circumstances. *See Wooley v. State*, 716 N.E.2d 919, 933 (Ind.1999); *Angleton v. State*, 686 N.E.2d 803, 817 (Ind. 1997). In this case, although one of the aggravating circumstances was improper, there were no mitigating circumstances and three other valid aggravating circumstances, including McCann's criminal history. Given these factors, we can say with confidence that the trial court would have imposed the same sentence, even without the improper aggravating circumstance. Accordingly, there is no procedural error requiring reversal or remand for resentencing.

## II. Manifestly Unreasonable

McCann also claims that his sentence is manifestly unreasonable. Although this Court has the constitutional authority to review and revise sentences, Ind. Const. art. VII, § 4, it will not do so unless the sentence imposed is "manifestly unreasonable in light of the nature of the offense and the character of the offender." *Carter v. State*, 711 N.E.2d 835, 841 (Ind. 1999); Ind. Appellate Rule 7(B). This review is deferential to the trial court: "[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Spears v. State*, 735 N.E.2d 1161, 1168 (Ind.2000); *Brown v. State*, 698 N.E.2d 779, 783–84 (Ind.1998); *Bunch v. State*, 697 N.E.2d 1255, 1258 (Ind.1998) (quoting *Prowell v. State*, 687 N.E.2d 563, 568 (Ind.1997)).

The "nature of the offense" is breaking into a home to attack a pregnant woman in her bed and then shooting her boyfriend when he tried to come to her aid. Under "character of the offender," McCann had a lengthy criminal history including over fifteen arrests, one of which was for breaking into a woman's house and sexually assaulting her. In view of these factors, the trial court's imposition of the enhanced, consecutive sentences was not "clearly, plainly, and obviously" unreasonable.

### Conclusion

The sentence imposed by the trial court is affirmed. As to all other issues, the Court of Appeals is summarily affirmed. Ind. Appellate Rule 58(A)(2).

SHEPARD, C.J., and DICKSON and RUCKER, JJ., concur.

SULLIVAN, J., concurs as to Part I and dissents as to Part II.