## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2015, 9:37 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keandre Arnold,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 20, 2015<br><br>Court of Appeals Case No.<br>49A02-1407-CR-500<br><br>Appeal from the Marion Superior Court.<br>The Honorable Kurt M. Eisgruber, Judge.<br>Cause No. 49G01-1305-FA-35062 |

**Barteau, Senior Judge**

## Statement of the Case

[1] Keandre Arnold appeals the sentence he received for his convictions of attempted murder, a Class A felony, Indiana Code sections 35-42-1-1 (2007)

and 35-41-5-1 (1977), and invasion of privacy, a Class A misdemeanor, Indiana Code section 35-46-1-15.1 (2010). We affirm.

## Issue

Arnold presents one issue for our review, which we restate as: whether the trial court abused its discretion in sentencing Arnold.

## Facts and Procedural History

In May 2013, Arnold shot a gun at Aaron Coats in an attempt to kill Coats. Based upon this incident, Arnold was charged with attempted murder and invasion of privacy. The trial court sentenced Arnold to forty years on the attempted murder conviction and 365 days on the invasion of privacy conviction, to be served concurrent with the forty years. The final four years of Arnold's sentence were to be served in a community corrections program. Arnold now appeals his sentence.

## Discussion and Decision

Arnold contends the trial court abused its discretion in sentencing him to an aggregate forty-year sentence. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

When imposing a sentence for a felony, a trial court must enter a sentencing statement including reasonably detailed reasons for imposing a particular sentence. *Id.* at 491. A trial court abuses its discretion when it fails to issue a sentencing statement, gives reasons for imposing a sentence that are not supported by the record, omits reasons clearly supported by the record and advanced for consideration, or considers reasons that are improper as a matter of law. *Id.* at 490-91. Remand for resentencing may be appropriate if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered the reasons supported by the record. *Id.* at 491.

[5] Arnold alleges that error occurred when a factor that is improper as a matter of law was considered in determining his sentence. Specifically, he claims the trial court abused its discretion by finding as an aggravating circumstance the fact that he fired a gun into a home. At sentencing, the trial court remarked that "shots were fired at that residence. That's huge. It's a huge aggravator in your instance." Tr. p. 177. Arnold argues this is an improper aggravating circumstance because it constitutes a material element of the offense of attempted murder.

[6] The nature and circumstances of an offense is a proper aggravating factor. *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001). Arnold is correct, though, that a factor constituting a material element of an offense may not be used as an aggravating circumstance. *See Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000). However, when the trial court evaluates the nature and circumstances of

an offense, it may properly consider the particularized circumstances of the factual elements as an aggravating factor. *McElroy v. State*, 865 N.E.2d 584, 589-90 (Ind. 2007).

[7] In order to convict Arnold of attempted murder, the State had to prove that he intentionally took a substantial step toward killing Coats by shooting a handgun at him. *See* Appellant's App. p. 22; *see also* Ind. Code §§ 35-42-1-1, 35-41-5-1. The evidence at trial showed that at the time of this incident, Coats was at home with his girlfriend and her three daughters. The interior wood door was open but an exterior storm door closed the house to the outside. Through the storm door, the girls saw someone approaching the house. Coats went to the door and a man asked for one of the girls. Arnold then appeared, said "Remember me? I'm gonna kill ya," and began shooting. Tr. p. 62. Coats saw the gun and told his family to run. Bullets entered the exterior of the home and exited into the interior of the home, and one bullet pierced the couch in the living room where the three girls had been sitting.

[8] In sentencing Arnold, the trial court relied on the danger created by firing a gun into a room full of people as it considered the unique circumstances of this offense. This finding is supported by the evidence and is a proper comment upon the nature and circumstances of Arnold's offense. *See Hape v. State*, 903 N.E.2d 977, 1001-02 (Ind. Ct. App. 2009) (holding that trial court did not abuse its discretion in recognizing danger posed to community during car chase as aggravating circumstance in sentencing for offense of resisting law enforcement), *trans. denied*. Thus, the trial court did not err in finding as an

aggravating circumstance the fact that shots were fired into a room full of people.

[9] Moreover, additional aggravating factors exist to support Arnold's enhanced sentence. At sentencing, the trial court stated that "[t]he aggravators clearly overwhelm the mitigators." Tr. p. 177. The court then discussed the aggravating circumstances, beginning with the fact that Arnold cut off his home detention ankle monitor just days before he attacked Coats, who was also the victim in Arnold's previous case. The court labeled this a "worst case scenario" and then turned to Arnold's juvenile record, which it stated was another "huge aggravator" and that Arnold had "built quite a record" for being only eighteen. *Id.* Thus, given the severity of the additional aggravators, we are not persuaded that the trial court would have imposed a different sentence even in the absence of the aggravating circumstance of firing a gun into a room full of people.

## Conclusion

[10] For the reasons stated, we conclude the trial court did not err in finding Arnold's act of firing a gun into a room full of people as an aggravating circumstance when it determined his sentence upon his convictions of attempted murder and invasion of privacy.

[11] Affirmed.

[12] Najam, J., and Pyle, J., concur.