## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2015, 10:24 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Donald E.C. Leicht | Gregory F. Zoeller |
| Kokomo, Indiana | Attorney General of Indiana |
| | |
| | Justin F. Roebel |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Char'Dae Avery, | September 24, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 34A02-1504-CR-224 |
| v. | Appeal from the Howard Circuit Court |
| State of Indiana, | The Honorable Lynn Murray |
| *Appellee-Plaintiff.* | Trial Court Cause No. 34C01-1402-FB-58 |

**Najam, Judge.**

# Statement of the Case

Char'Dae Avery appeals her sentence following her conviction for causing the death of another person while operating a vehicle with marijuana or its metabolite in her blood, as a Class B felony, pursuant to a guilty plea. Avery presents a single issue for our review, namely, whether the trial court abused its discretion when it sentenced her. We affirm.

# Facts and Procedural History

On February 15, 2014, at approximately 7:30 p.m., Avery, a diagnosed schizophrenic, ignored a stop sign and drove her vehicle through an intersection in Kokomo, striking a car driven by Matthew Foutch. Avery was traveling at seventy-five miles per hour in a forty-mile-per-hour zone, and, according to her vehicle's data recorder, she did not attempt to brake until one second prior to the collision. Witnesses observed that Avery began dancing after exiting her vehicle, and one witness heard Avery yell, "I did it!" Appellant's App. at 139. Avery did not appear to know that she had been in a collision, and she tried to leave the scene on foot despite one witness's instruction to wait for police to arrive. That witness "took Avery to the ground and kept her at the scene until police arrived." *Id.* at 160.

Kokomo Police Department Officer Dan Hunkeler arrived and observed that Avery's speech was "slurred and abusive," her eyes were red and watery, her balance was "very poor," and her pants were wet. *Id.* at 160. After Avery refused to comply with Officer Hunkeler's orders and tried to leave the scene,

Officer Hunkeler arrested her and placed her in handcuffs. Avery then refused to get into his patrol car and stated, "No, mother****er." *Id.* Officer Hunkeler had to forcibly place Avery in the patrol car. Later, Officer Erik Fogg transported Avery to St. Joseph Hospital for a blood draw. When Officer Fogg told Avery that the driver of the other car was likely dead, Avery responded, "I don't give a f***!" *Id.* at 158. Avery tested positive for marijuana, and she admitted to having smoked a "blunt" with friends before the collision. Foutch died of the injuries he sustained in the collision.

[4] The State charged Avery with causing the death of another person while operating a vehicle with marijuana or its metabolite in her blood, as a Class B felony; failure to stop at an accident resulting in death, as a Class B felony; resisting law enforcement, as a Class A misdemeanor; possession of marijuana, as a Class A misdemeanor; and disorderly conduct, as a Class C misdemeanor. In August 2014, the State and Avery entered into a plea agreement, but the trial court rejected it. In March 2015, Avery filed a notice of intent to plead guilty to causing the death of another person while operating a vehicle with marijuana or its metabolite in her blood, as a Class B felony, and the State moved to dismiss the remaining charges without prejudice.[1] At a hearing on April 1, the trial court accepted Avery's guilty plea and sentenced her to twenty years, with eighteen years executed and two years suspended to probation. This appeal ensued.

---

[1] There was no plea agreement.

## Discussion and Decision

Avery contends that the trial court abused its discretion when it sentenced her.[2] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .
>
> [However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

*Id.* at 490-91. If a trial court abuses its discretion, "remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial

---

[2] The State reads Avery's brief to also contend that her sentence is inappropriate in light of the nature of the offense and her character. But, other than a single citation to Appellate Rule 7(B) in her brief, Avery does not make cogent argument in support of any such contention.

court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

[6] At sentencing, the trial court identified a single aggravator, the nature and circumstances of the crime, and three mitigators: Avery's young age, lack of criminal history, and guilty plea. Generally, the "nature and circumstances" of a crime is a proper aggravating circumstance. *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001) (quoting *Thacker v. State*, 709 N.E.2d 3, 10 (Ind. 1999)). In explaining the aggravator at the sentencing hearing, the trial court stated in relevant part as follows:

> I think the particular nature and circumstances of these offenses, of this particular offense, is an aggravating factor and this is why [sic], I agree causing death is [an] element of the offense. Mr. Foutch's death was an element and that's what makes this a Class B felony and Ms. Avery being over the age of 21. But this, where the crime really occurred I guess is in these stages[:] that Ms. Avery chose, before getting on the road in Kokomo, Indiana, to share a one[-]gram blunt marijuana cigar, blunt, with one or two of her friends and become evidently extremely intoxicated through recreational marijuana use. And then she chose to get on the road and travel at a high rate of speed through a busy Kokomo intersection of a 4[-]way stop. Someone was bound to get hurt in this case. Most tragically, someone was killed. Through other facts and circumstances, some of which (inaudible) are reflected in the other charges that the State has dismissed, she first failed to stop. She had to be tackled by a pedestrian to stop. She resisted law enforcement. She actually had marijuana in the vehicle at the time and she was disorderly with the police. I view the nature and circumstances of this offense to present some aggravating factors. I don't doubt the sincerity of her remorsefulness here as she's been in jail for 410

days and facing the decision of this court or any court for this offense to which she committed. I consider that as well. As I've said, as a matter of record in this case is that she was evaluated by two mental health professionals, one of them being a psychiatrist and the other being a clinical psychologist. Both concluded that not only is she competent, she also could appreciate the wrongfulness of the events that day. Also described that her mental health, at least in some part, is due to heavy marijuana recreational use. That's a conscious decision that she made. I do think my decision today as I know can no way be justice for the loss of Mr. Foutch's life but that an aggravated sentence of 20 years incarceration is appropriate[, with two years suspended to probation].

Tr. at 60-62. And in its written sentencing order, the trial court stated as follows:

The Court considers and finds as aggravating circumstances the nature and circumstances of the offense. The defendant smoked a marijuana blunt with friends before operating a vehicle at a high rate of speed through a busy four-stop intersection, striking the victim's vehicle causing his death. After the collision, the defendant did not stop, but attempted to flee the scene. She was disorderly with law enforcement, and marijuana was found in her vehicle.

Appellant's App. at 116.

[7] Avery maintains that the trial court erred when it identified the nature and circumstances of the crime as an aggravating circumstance. In particular, Avery asserts that the trial court "committed error (an abuse of discretion) in sentencing Avery to an enhanced, maximum sentence, relying on aggravators which were merely elements of the offense or unproven/not stipulated to or by

elevating family considerations to the status of aggravator." Appellant's Br. at 13. We address each contention in turn.

[8] First, to the extent Avery contends that the trial court considered the victim's death in support of its nature and circumstances aggravator, we disagree. The trial court expressly stated that the victim's death was an element of the offense, and we do not read the sentencing statement as identifying the victim's death as aggravating. Second, we do not read the trial court's sentencing statement to have considered as aggravating the victim's family's statements.

[9] Third, Avery asserts that she "never stipulated" to the following facts cited by the trial court: that she did not stop but attempted to flee the scene after the collision; that she was disorderly with the officers; and that marijuana was found in her vehicle. Appellant's Br. at 11. Indeed, while the challenged facts are related to the other charges that were dismissed, they do not form a part of the factual basis for her plea to having caused Foutch's death while operating a vehicle with marijuana or its metabolite in her blood. Avery's stipulation was limited to the "probable cause affidavit, at least sufficient enough to establish a factual basis" for that offense, but she did not stipulate to the challenged facts, which may be relevant to the nature and circumstances of the crime but which are not relevant to proof of the underlying offense. Tr. at 9-10.

[10] However, Avery's stipulation was only relevant to the factual basis of her guilty plea. At sentencing, the trial court also properly considered the presentence investigation report, which included the probable cause affidavit, in its entirety.

Avery was given the opportunity, but she did not challenge the accuracy of the presentence investigation report, and information contained in the report is presumed accurate unless the defendant challenges it in some respect. *Dillard v. State*, 827 N.E.2d 570, 576 (Ind. Ct. App. 2005), *trans. denied*. Because each of the facts cited by the trial court in support of the nature and circumstances aggravator finds support in the presentence investigation report, the court did not err when it identified that aggravator.

[11] Further, to the extent Avery contends that the trial court could not properly consider facts related to her dismissed charges at sentencing, she is mistaken. In *Bethea v. State*, 983 N.E.2d 1134, 1142 (Ind. 2013), our supreme court addressed the issue of "whether the trial court erred by treating the victim's injury as an aggravating factor when the injury was an element of [a] burglary charge that was dismissed pursuant to his plea agreement." In *Bethea*, the court stated in relevant part as follows:

> Our opinion today does not foreclose the possibility of the Defendant bargaining as to what can and cannot be potential aggravating and mitigating factors. It is well within the purview of contract law, and consequentially, as mentioned above, the law as it relates to plea bargains, for the Defendant to bargain and the State to accept a plea bargain that forecloses the possibility of the trial court using enhancements from the underlying charges that were dismissed, or from the original charges from which a lesser included plea is taken. However, *if a plea bargain lacks such language, we hold it is not necessary for a trial court to turn a blind eye to the facts of the incident that brought the defendant before them*. As we stated in *Anglemyer v. State*, "the nature and circumstances of the crime as well as the manner in

which the crime is committed" is a valid aggravating factor. *Anglemyer v. State*, 868 N.E.2d at 492.

> In this case, *the court did not err by giving significant weight to the facts presented to it relating to the burglary and other dismissed charges*. Although these facts share a relation with the elements of the dismissed Class A felony Burglary Resulting in Bodily Injury, the State's obligations under the plea agreement were fulfilled upon dismissal of the seven remaining counts and it owed the Defendant no further duty to omit these facts from the aggravating circumstances consideration. Both the State and Defendant agreed to this plea bargain.

(Emphases added). Here, there was no plea agreement and the parties did not otherwise agree to exclude the relevant evidence at sentencing. Thus, under *Bethea*, the facts underlying the dismissed charges as set out in the presentence investigation report were properly considered by the trial court in support of the nature and circumstances of the offense aggravator. *See id.*

[12] Affirmed.

Kirsch, J., and Barnes, J., concur.