## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2016, 8:25 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Matheny Hahn Denman & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Anthony W. Dager,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 16, 2016

Court of Appeals Cause No. 90A04-1508-CR-1210

Appeal from the Wells Circuit Court

The Honorable Kenton W. Kiracofe, Judge

Trial Court Cause No. 90C01-1504-F4-2

**Barnes, Judge.**

# Case Summary

[1] Anthony Dager appeals his thirty-year sentence for three counts of Level 4 felony operating a motor vehicle with a blood alcohol concentration ("BAC") of .15 or more and causing death. We affirm.

# Issue

[2] The sole issue before us is whether Dager's sentence is inappropriate.

# Facts

[3] On the evening of April 3, 2015, and continuing into the early morning hours of April 4, Dager consumed a large quantity of vodka at a friend's house. At about 4:45 a.m. on April 4, Dager was driving to work near Ossian when he crossed the center line of State Road 1 and struck another vehicle head on. The three occupants of the other vehicle—Rebecca Prentice, Paul Penrod, and Karen Smith—were killed in the accident. Blood testing after the accident revealed that Dager had a BAC of between .216 and .262.

[4] On April 7, 2015, the State charged Dager with three counts of Level 4 felony operating a vehicle with a BAC of .15 or more and causing death, and three counts of Level 5 felony operating a vehicle while intoxicated and causing death. On June 24, 2015, Dager pled guilty to the three Level 4 felony counts and the State dismissed the Level 5 felony counts. Sentencing was left to the trial court's discretion. The trial court imposed a sentence of ten years for each count, to be served consecutively for a total of thirty years executed, and

ordered payment of restitution to the families of Prentice, Penrod, and Smith for burial and medical expenses. Dager now appeals.

## Analysis

Dager contends that his thirty-year sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offenses. We now assess whether Defendant's sentence is inappropriate under Appellate Rule 7(B) in light of his[her] character and the nature of the offense. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a

given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[7]    Regarding Dager's character, he notes that he pled guilty within a relatively short time after being charged and without the benefit of a sentencing cap, which reflects positively upon his character. *See Bass v. State*, 974 N.E.2d 482, 485 (Ind. Ct. App. 2012). Dager also points to his service in the Indiana National Guard and honorable discharge as evidence of positive character. However, while "service to our country is a commendable act," it is not necessarily entitled to consideration in sentencing. *See Harman v. State*, 4 N.E.3d 209, 218-19 (Ind. Ct. App. 2014), *trans. denied*. Dager also contends that he came from a family with substance abuse problems and where physical abuse was prevalent. Generally, however, evidence of a difficult childhood warrants little consideration in sentencing. *See Bethea v. State*, 964 N.E.2d 255, 266 (Ind. Ct. App. 2012), *summarily aff'd in relevant part*, 983 N.E.2d 1134, 1146 n.2.

[8]    Counterbalancing these circumstances is the fact that Dager was on parole for the offense of Class D felony sexual battery when he committed these offenses. Dager had originally received a suspended sentence for that offense, but he had his probation revoked. Dager had been on parole for only about two months

when he committed these offenses. He also has a prior conviction for Class B misdemeanor public intoxication.

[9] As for the nature of the offenses, Dager killed three persons while driving with a BAC well in excess of not only the minimum legal limit of .08, but the enhanced level of .15 as well. Dager contends that his BAC was only .16, but the record indicates that an earlier test done at the hospital revealed a BAC of between .216 and .262. Perhaps most importantly, the existence of multiple victims in this case clearly warrants the imposition of consecutive sentences, as has been repeatedly held by our courts. "Consecutive sentences reflect the significance of multiple victims." *Pittman v. State*, 885 N.E.2d 1246, 1259 (Ind. 2008) (citing *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001)).

[10] In sum, while there are some indicators of positive character on Dager's part, it is far from an unblemished character, particular given his commission of these offenses while still on parole for an earlier offense for which his probation had been revoked. The nature of the offenses is egregious, given the number of victims and Dager's BAC. As such, we cannot say that the imposition of three consecutive ten-year sentences is inappropriate.

## Conclusion

[11] Dager's thirty-year sentence is not inappropriate. We affirm.

[12] Affirmed.

Robb, J., and Altice, J., concur.