## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 30 2018, 10:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adam Barton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 30, 2018

Court of Appeals Case No.
18A-CR-810

Appeal from the Steuben Circuit Court

The Honorable Allen N. Wheat, Judge

Trial Court Cause No.
76C01-1608-F5-551

**Crone, Judge.**

# Case Summary

[1]     Adam Barton appeals the sentence imposed by the trial court following his guilty plea to level 5 felony manufacturing methamphetamine and level 6 felony possession of methamphetamine. He asserts that the trial court abused its discretion during sentencing. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

[2]     On July 16, 2016, thirty-six-year-old Barton and his girlfriend were manufacturing methamphetamine in the bedroom of an apartment Barton shared with his seventy-year-old father. During the manufacturing process, an explosion occurred causing a fire to break out. Barton and his girlfriend fled the scene, leaving Barton's father in the apartment. Barton and his girlfriend did not pull a fire alarm or alert any residents of the apartment building that a fire had started. Police who responded to the scene found Barton's father in the apartment and escorted him out of the building to safety. Firefighters and investigators found numerous items known to be associated with methamphetamine manufacturing inside the apartment. They also found two vials of white powder that later tested positive for methamphetamine. The fire caused significant damage, and numerous residents of the apartment complex were displaced during the cleanup process.

[3]     On August 10, 2016, the State charged Barton with level 5 felony manufacturing methamphetamine and level 6 felony possession of methamphetamine. On February 12, 2018, Barton pled guilty to both counts.

During sentencing, the trial court found Barton's guilty plea to be a mitigating factor. The court found Barton's criminal history, which included a recently dismissed additional charge for manufacturing methamphetamine in the same county, to be an aggravating factor. The court further found the nature and circumstances of the crimes (explosion causing significant damage) and the fact that he occupied a position of trust with the property owner (his father) to be aggravating factors. The trial court imposed a three-year sentence with one year suspended. The court further determined that Barton was eligible for participation in community corrections. This appeal ensued.

## Discussion and Decision

[4] Barton argues that the trial court abused its discretion during sentencing. Sentencing decisions rest within the sound discretion of the trial court and are reviewed only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all"; (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons"; (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration"; or (4) considers reasons that "are improper as a matter of law." *Id*. at 490-91. However, the

relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

[5]     Barton's sole argument on appeal is that the trial court abused its discretion by improperly considering as an aggravating factor that he violated a "position of trust" simply because he manufactured methamphetamine in an apartment he lived in with his father. Sentencing Order at 2. "The position of trust aggravator is frequently cited by sentencing courts where an adult has committed an offense against a minor and there is at least an inference of the adult's authority over the minor." *Rodriguez v. State*, 868 N.E.2d 551, 555 (Ind. Ct. App. 2007). However, we have also found a position of trust to have been violated between cohabitating adults. *See Amalfitano v. State*, 956 N.E.2d 208, 211 (Ind. Ct. App. 2011), *trans. denied* (2012). As a general matter, "[a] position of trust exists where a defendant has 'more than a casual relationship with the victim and has abused the trust resulting from that relationship.'" *Id.* (quoting *Rodriguez*, 868 N.E.2d at 555).

[6]     Barton clearly had more than a casual relationship with his father and he abused the trust resulting from that relationship by choosing to manufacture methamphetamine in his father's apartment. As noted by the trial court, Barton "was in an apartment … that his Father was leasing and I doubt very much if Dad knew that he was going to be cooking methamphetamine … [he] wouldn't have allowed him to enter…." Tr. Vol. 2 at 22. Moreover, we think the trial court's consideration of Barton's conduct in the context of the father-son relationship was also an additional consideration of the nature and

circumstances of the crime, which is a proper aggravator. *See McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001) (noting that the "nature and circumstances" of a crime is a proper aggravating circumstance). During sentencing, the State argued that the court should consider that Barton was manufacturing methamphetamine in an apartment that he shared with his seventy-year-old father and that, when the explosion occurred, and a fire broke out, Barton simply fled the scene leaving his father to fend for himself. The trial court found this behavior to be particularly heinous. The trial court's consideration of these facts during sentencing was not an abuse of discretion.

[7] Further, even if a trial court relies on an improper aggravator, remand is unnecessary if the appellate court is confident that the trial court would have imposed the same sentence regardless. *See Anglemyer*, 868 N.E.2d at 491 (remand for resentencing appropriate if we cannot say with confidence that trial court would have imposed same sentence had it properly considered reasons that enjoy support in record). The trial court here found additional aggravating factors which Barton does not challenge and, more significantly, Barton's total executed sentence on both counts is two years, which is well below the maximum he could have received for his level 5 and a level 6 felony convictions. *See* Ind. Code § 35-50-2-6(b) (the sentencing range for a level 5 felony is between one and six years); Ind. Code § 35-50-2-7(b) (the sentencing range for a level 6 felony is between six months and three years); *but see* Ind. Code § 35-50-1-2(d) (limiting total of the consecutive terms of imprisonment for crimes arising out of an episode of criminal conduct). We are confident that the

trial court would have imposed the same sentence regardless of its finding that Barton violated a position of trust, and thus we affirm his sentence.

[8] Affirmed.

Najam, J., and Pyle, J., concur.