## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 18 2019, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicole A. Zelin
Pritzke & Davis, LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dustin Lee Fisher,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 18, 2019

Court of Appeals Case No.
19A-CR-186

Appeal from the Hancock Circuit Court

The Honorable R. Scott Sirk, Judge

Trial Court Cause No.
30C01-1802-F5-419

**Bailey, Judge.**

# Case Summary

[1] Dustin Lee Fisher ("Fisher") pleaded guilty to Failure to Register as a Sex Offender, as a Level 5 felony,[1] without the benefit of a plea agreement. The trial court sentenced him to four years in the Indiana Department of Correction ("DOC"), with one year suspended to probation. Fisher now appeals his sentence. We affirm.

# Issues

[2] Fisher presents the following two issues for our review:

> I. Whether the trial court abused its discretion by relying on Fisher's history of criminal and delinquent behavior when imposing a sentence greater than the advisory term; and

> II. Whether Fisher's sentence is inappropriate in light of the nature of his offense and his character.

# Facts and Procedural History

[3] In 2014, under trial court cause number 30C01-1404-FD-613, Fisher pleaded guilty to Criminal Confinement, as a Class D felony,[2] and was sentenced to

---

[1] Ind. Code §§ 11-8-8-17(a)(1) & (b)(1).

[2] I.C. § 35-42-3-3(a)(1).

three years in the DOC. Fisher was also required to register as a sex offender for a ten-year period.

[4] In 2015 and 2016, Fisher pleaded guilty to two separate counts of Failure to Register as a Sex Offender, as Level 6 felonies, under trial court cause numbers 30C01-1506-F6-802 ("cause number F6-802") and 49G09-1506-F6-20020.

[5] In early 2018, Fisher failed to timely notify the Hancock County Sheriff's Department that he had changed his place of employment. As a result, Fisher was charged with Failure to Register as a Sex Offender, this time as a Level 5 felony due to his prior convictions for Failure to Register.[3] On November 9, 2018, Fisher pleaded guilty as charged in open court, without the benefit of a plea agreement. The trial court held a sentencing hearing on January 3, 2019, and sentenced Fisher to four years in the DOC, with three years executed and one year suspended to probation. Fisher now appeals his sentence.

# Discussion and Decision

## Sentencing Discretion

[6] Fisher first argues that the trial court abused its discretion by improperly considering his criminal history as an aggravating circumstance when imposing a sentence greater than the advisory term.

---

[3] In the charging information, the State relied only on the conviction under cause number F6-802.

[7]     Sentencing decisions rest within the sound discretion of the trial court and are reviewed only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* (citation and quotation marks omitted). Trial courts must enter a sentencing statement whenever imposing a sentence for a felony offense, and the statement must include a reasonably detailed recitation of the court's reasons for imposing a particular sentence. *Id.* "If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating." *Id.*

[8]     A trial court abuses its discretion if it (1) does not enter a sentencing statement, (2) enters a sentencing statement that explains reasons for imposing a sentence – including a finding of aggravating and mitigating factors if any – but the record does not support the reasons, (3) enters a statement that omits reasons that are clearly supported by the record and advanced for consideration, or (4) considers reasons that are improper as a matter of law. *Jackson v. State*, 973 N.E.2d 1123, 1130 (Ind. Ct. App. 2012) (citing *Anglemyer*, 868 N.E.2d at 490-91), *trans. denied*.

[9]     A Level 5 felony carries a sentencing range of one to six years, with the advisory sentence being three years. I.C. § 35-50-2-6. At the sentencing

hearing, the trial court considered as a mitigating circumstance that Fisher took responsibility for his offense. As aggravating circumstances, the trial court found that Fisher (1) has "a history of criminal delinquent behavior" and (2) had recently violated the rules of probation, parole, and community corrections. (Tr. Vol. II 72.) Finding that the aggravating circumstances outweighed the mitigating circumstance, the trial court sentenced Fisher to four years in the DOC, with three years executed and one year suspended to probation.[4]

[10] Fisher argues that by identifying his criminal history as an aggravating circumstance, the trial court relied on Fisher's prior convictions for failure to register as a sex offender, and that this reliance was improper because his prior convictions comprised a material element of the offense for which he was being sentenced. (Appellant's Br. 8.) Our supreme court has explained that "[w]here a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is 'improper as a matter of law.'" *Gomillia v. State*, 13 N.E.3d 846, 852-53 (Ind. 2014) (quoting *Anglemyer*, 868 N.E.2d at 491).

[11] In sentencing Fisher, the trial court made no specific reference to Fisher's two prior convictions for failure to register as a sex offender, instead identifying only

---

[4] The State mischaracterizes Fisher's sentence as "the advisory sentence" (Appellee's Br. 4) and later as "the advisory executed sentence of three years, with one additional year suspended to probation." (Appellee's Br. 9.) Fisher was sentenced to an aggregate of four years, a deviation from the advisory sentence of three.

Fisher's "history of criminal delinquent behavior" as one of two aggravating circumstances it considered. (Tr. Vol. II 72.) We thus disagree with Fisher that the trial court's general reference to Fisher's criminal history equated to an improper reliance on a material element of the crime for which he was being sentenced. While Fisher's two prior convictions for failure to register certainly fall under the general category of Fisher's past criminal behavior, he has additional criminal history wholly unrelated to the instant and underlying offenses, including at least four adult convictions and four juvenile adjudications. The trial court could properly have relied on these unrelated convictions and adjudications under the category of "history of criminal delinquent behavior" to justify a sentence greater than the advisory term. *See Gomillia*, 13 N.E.3d at 853 (citing *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001)) (holding that even if the trial court relied on an improper factor under the aggravating circumstance of 'nature and circumstances of a crime,' the sentence may be upheld so long as the remaining components of the aggravator were proper); *Shotts v. State*, 53 N.E.3d 526, 538-39 (Ind. Ct. App. 2016) (holding that the trial court did not abuse its discretion in considering the defendant's criminal history as an aggravating circumstance where his criminal history included the robbery conviction that was an element of the crime for which the defendant was being sentenced).

[12] The trial court did not abuse its discretion in relying on Fisher's history of criminal and delinquent behavior in imposing a sentence greater than the advisory term.

## Independent Sentence Review

We turn now to Fisher's contention that his sentence was inappropriate in light of the nature of his offense and his character. Article 7, Section 6 of the Indiana Constitution grants this Court authority to independently review and revise a sentence imposed by the trial court. To implement this grant of authority, Indiana Appellate Rule 7(B) provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The analysis is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). The principal role of our review is to leaven the outliers, and our review is very deferential to the trial court. *Id.* The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Id.*

As to the nature of the offense, there is nothing remarkable about Fisher's failure to register. Fisher was required to timely inform the Hancock County Sheriff's Department of a change in his place of employment, but did not.

As to the character of the offender, at the time of sentencing, twenty-three-year-old Fisher had accumulated a criminal history including ten juvenile cases and referrals, resulting in at least four adjudications, and eight adult cases (one waived from juvenile court), resulting in six felony and two misdemeanor convictions (including the instant and underlying convictions). He has a well-documented history of noncompliance with the rules of probation and

community corrections. And as both the probation officer who prepared the presentence investigation report and the trial court acknowledged, Fisher had been "given chances other offenders are never offered" (Tr. Vol. II 71), such as being permitted to return to community corrections work release twice outside the normal operating procedures. Nevertheless, the record reveals that Fisher failed to take advantage of these alternatives to incarceration, instead engaging in a pattern of rule noncompliance.

[16] Fisher has not demonstrated that a sentence of four years in the DOC, with one year suspended to probation, is inappropriate in light of the nature of his offense and his character.

# Conclusion

[17] The trial court did not abuse its discretion in sentencing Fisher. Fisher's sentence is not inappropriate.

[18] Affirmed.

Riley, J., and Pyle, J., concur.