## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 16 2019, 10:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Trevor O'Neal,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 16, 2019

Court of Appeals Case No.
18A-CR-1190

Appeal from the
Franklin Circuit Court

The Honorable
Clay M. Kellerman, Judge

Trial Court Cause No.
24C02-1510-F5-1218

**Vaidik, Chief Judge.**

# Case Summary

[1] After a crime spree in Franklin County, Trevor O'Neal pled guilty to two Level 4 felony burglaries, seven Level 5 felony burglaries, two Level 5 felony attempted burglaries, and seven Level 6 felony thefts, and the trial court sentenced him to an aggregate term of twenty-five years with eight years suspended to probation. O'Neal now appeals, arguing that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

# Facts and Procedural History

[2] In November 2013, O'Neal pled guilty to three Class D felonies (criminal confinement, receiving stolen property, and theft) and was sentenced to a term of imprisonment to be followed by two years of probation. In late 2015, while still on probation for those offenses, O'Neal went on a crime spree in Franklin County. On August 10, 2015, O'Neal burglarized Whitetail Acres and stole a safe containing checks and cash. On August 12, he attempted to break into Parkside Plaza. On August 13, he burglarized Morgan's Canoe Rental. On August 26, O'Neal broke into Vonderheide's Garage and Ye Olde Shack and stole various items. On August 28, he burglarized two homes and stole medication, electronics, and cash. On September 9, he broke into New Trenton Deli and stole a cash register and cigarettes. On September 21, O'Neal burglarized Lakeshore Resort and stole a safe and other items. On October 5,

he broke into an Arby's restaurant and stole a safe and attempted to break into Gillman's Do It Best.

[3] The State charged O'Neal with two Level 4 felony burglaries (for the homes), seven Level 5 felony burglaries, two Level 5 felony attempted burglaries, seven Level 6 felony thefts, and two counts of Class B misdemeanor criminal mischief. In early 2018, O'Neal agreed to plead guilty to all charges in exchange for the State agreeing to recommend a sentence of fifteen years with three years suspended to probation and to not object to Purposeful Incarceration.[1] The State and O'Neal did not have a written plea agreement. At the guilty-plea hearing, the State dismissed the misdemeanor criminal-mischief charges, and O'Neal pled guilty to the felony charges.

[4] At the sentencing hearing, the trial court identified three aggravators: (1) O'Neal's "lengthy" criminal history, including a Level 2 felony conspiracy to commit burglary with a deadly weapon that was committed during the same period as the crimes here; (2) O'Neal's "previous violations of probation"; and (3) his high risk to reoffend. Appellant's App. Vol. II p. 184. The trial court then rejected the State's sentencing recommendation and sentenced O'Neal to

---

[1] At the guilty-plea hearing, the defense attorney reminded the trial court that the parties and the court had a "meeting" in February 2018 and that the "intention" was that O'Neal would plead guilty as charged, the State would recommend fifteen years with three years suspended, and the sentence imposed by the court "would be between the State's recommendation of 15 with three years suspended and then [O'Neal's] recommendation[.]" Supp. Tr. pp. 5-6. This language would suggest that the parties agreed to a fifteen-year cap on the sentence, but O'Neal does not make such a claim on appeal.

an aggregate term of twenty-five years with eight years suspended to probation and made him "eligible for purposeful incarceration." Supp. Tr. p. 62.

[5] O'Neal now appeals.

# Discussion and Decision

[6] O'Neal raises two issues on appeal. First, he contends that the trial court abused its discretion by recognizing an improper aggravator and failing to recognize a mitigator. Second, he contends that his sentence is inappropriate.

# I. Aggravators and Mitigators

[7] O'Neal first challenges the trial court's findings of aggravators and mitigators. Sentencing decisions and the reasons or omission of reasons given for choosing a sentence rest within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[8] First, O'Neal argues that the trial court erred by stating that he had "previous violations of probation" in its written sentencing order when in fact he had only one probation violation at the time. Appellant's App. Vol. II p. 184. The State agrees that O'Neal had only one probation violation but claims that the court incorrectly wrote "violations" in its written sentencing order. We examine both written and oral statements together in discerning the findings of the trial court. *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007). At the sentencing hearing, O'Neal testified that he had admitted violating his probation in the November

2013 case for committing the crimes in this case. Supp. Tr. p. 52. And in pronouncing sentence, the trial court stated that O'Neal had violated his "probation." *Id.* at 59. Accordingly, it is clear that the parties and the court understood that O'Neal had only one probation violation. "This Court has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing." *McElroy*, 865 N.E.2d at 589. Thus, we credit the oral statement as the statement that accurately described O'Neal's probation violation.

[9] Next, O'Neal argues that the trial court erred by not finding his guilty plea as a mitigating factor. We agree. "[A] defendant who pleads guilty deserves to have some mitigating weight extended to the guilty plea in return." *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005) (citations omitted). Here, O'Neal pled guilty to all charges. Although the State agreed to recommend a sentence of fifteen years with three years suspended to probation and not object to Purposeful Incarceration, the trial court still had full discretion in sentencing him. Thus, O'Neal received little benefit. In addition, the State even argued at the sentencing hearing that "one mitigating factor is that [O'Neal] . . . has accepted accountability [by pleading guilty] for this." Supp. Tr. p. 26.

[10] While we agree with O'Neal that the trial court abused its discretion in not finding his guilty plea as a mitigating factor, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence if it considered the proper aggravating and mitigating circumstances." *McCann v. State*, 749 N.E.2d 1116, 1121 (Ind. 2013). Here, the

trial court found multiple aggravators, including O'Neal's conviction for Level 2 felony conspiracy to commit burglary with a deadly weapon, that he violated his probation in the November 2013 case, and that he was at a high risk to reoffend. Therefore, even though the trial court abused its discretion by not recognizing O'Neal's guilty plea as a mitigating factor, we can say with confidence that the trial court would have imposed the same sentence if it considered his guilty plea as a mitigating factor.

## II. Inappropriate Sentence

[11] O'Neal contends that his sentence is inappropriate and asks us to reduce it to fifteen years with three years suspended to probation pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[12] The State asserts that O'Neal was facing a maximum sentence of fifty-two years, and O'Neal does not dispute this. He received a sentence of twenty-five years with eight years suspended to probation, which is significantly lower than what the trial court could have imposed.

[13] With regard to the nature of the offenses, O'Neal burglarized or attempted to burglarize nine businesses and two homes all within a three-month period and in the same county. That said, there was nothing particularly egregious about any one burglary or attempted burglary that O'Neal committed during his crime spree.

[14] Nevertheless, O'Neal's criminal history by itself supports his sentence. According to the pre-sentence investigation report, the twenty-three-year-old O'Neal had been convicted of four felonies, including a Level 2 felony conspiracy to commit burglary with a deadly weapon, had one pending misdemeanor, and had one juvenile informal adjustment. Appellant's App. Vol. II. pp. 141-143. As O'Neal himself admitted, he has been incarcerated for four or five years of his adult life. Supp. Tr. p. 46. He also violated his probation and confessed to using methamphetamine while on bond for this case. Most important, O'Neal received less than half of the maximum sentence. Therefore, given O'Neal's criminal history and the fact that he received less than half of the maximum sentence, we cannot say that O'Neal's sentence of twenty-five years with eight years suspended to probation is inappropriate.

[15]     Affirmed.

Kirsch, J., and Altice, J., concur.